Deitz v. The State.

No. 15,116.

DEITZ v. THE STATE.

CRIMINAL LAW.—*Indictment.—Transcript.—Grand Jury.—Variance in Name of Foreman of.—Presumptions.*—Where the name of Thomas Bellows appears on the indictment as the foreman of the grand jury returning the same, while the transcript recites that George Bellows acted as such foreman, it must be presumed that he whose name appears on the indictment, was the duly appointed foreman, and that the recital to the contrary in the transcript is a mistake of the clerk. It must be also presumed that the judge whose duty it was to inspect the indictment, knew who the foreman of the grand jury was at the time the indictment was returned.

SAME.—*Mode of Constituting Grand Jury.—Defect in Indictment as to.—Must be Raised by Plea.—When Plea must be Filed.*—A defect in an indictment which relates to the mode of constituting the grand jury, and which does not appear upon the record, can only be raised by plea, and that plea must be filed before entering a plea of not guilty.

From the Clark Circuit Court.

*F. B. Burke,* for appellant.

*L. T. Michener,* Attorney General, *G. H. Voight,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

MITCHELL, C. J.—The appellant was convicted upon an indictment in which he was charged with having unlawfully given away intoxicating liquor, to a person named, to be drank as a beverage on Sunday.

The point is made that the judgment is a nullity, because it appears from the record that George Bellows was appointed foreman of the grand jury at the term of the Clark Circuit Court at which the indictment was returned, while the indictment upon which the appellant was tried is endorsed by Thomas Bellows as foreman. Section 1670, R. S. 1881, provides that "As soon as the grand jury has returned an indictment into court, the judge must examine it; and if the foreman have neglected to indorse it 'A true bill,' with his

name signed thereto, * * the court must cause the foreman to indorse it * * in the presence of the jury."

We must presume that Thomas Bellows, whose name appears on the indictment, was the duly appointed foreman, and that the recital in the transcript that George Bellows was appointed foreman was a mistake of the clerk.

We must presume that the judge whose duty it was to inspect the indictment knew who the foreman of the grand jury was at the time the indictment was returned. *Buell* v. *State,* 72 Ind. 523; *Brooster* v. *State,* 15 Ind. 190; *Mountjoy* v. *State,* 78 Ind. 172.

Moreover, the question could not properly be raised by a motion for a new trial. A defect in an indictment which relates to the mode of constituting the grand jury, and which does not appear upon the record, can only be raised by plea, and that must be filed before entering a plea of not guilty. *Cooper* v. *State,* 120 Ind. 377.

There is no bill of exceptions purporting to contain the evidence, and accordingly what is said upon the propriety of the conviction in that regard can not be considered.

The judgment is affirmed, with costs.

