Filed November 26, 1895.

No. 1,636.

CITY OF FORT WAYNE v. DURNELL.

JURY.—*Special Verdict.—Requiring Jury to Retire and Complete Verdict.—Practice.*—The jury in an action for personal injuries, who return a special verdict which is defective in leaving blank the amount plaintiff was damaged by pain and suffering, and also the entire amount of damages assessed, are properly required to again retire and fill out such blank.

NEW TRIAL.—*Failure to Find Facts Which the Evidence Tended to Prove.*—A new trial for failure to find facts which the evidence tended to prove, is properly denied where such facts, if found, would not have changed the result.

EVIDENCE.—*Defective Sidewalk.—Personal Injury.—Contributory Negligence.*—Evidence that there was an electric arc lamp in a street 150 feet distant on each side, from the place of an accident to plaintiff on a defective sidewalk, and that the only obstruction to light was a row of deciduous trees at the outer edge of the sidewalk, is insufficient to require a finding that the place was sufficiently lighted to enable plaintiff to see the condition of the walk.

APPELLATE COURT PRACTICE.—*Judge's Certificate.—Finding.—Evidence.*—A certificate by the trial court that there was evidence tending to prove certain facts on which no finding was made, and which might have required a different judgment, if found, will not warrant the assumption on appeal, that there was no evidence to the contrary, making proper the failure to find such facts.

From the Allen Circuit Court.

*W. H. Shambaugh, S. R. Alden* and *B. F. Ninde,* for appellant.

*Colerick & France,* for appellee.

Ross, J.—This appeal is from a judgment recovered by the appellee, against the appellant, for personal injuries alleged to have been received from a fall while passing over one of the sidewalks in said city, which was in an unsafe and dangerous condition for use.

The only specification of error assigned relates to the ruling of the court below, in overruling appellant's motion for a new trial.

The cause was tried by jury, and at the request of appellant, a special verdict was returned.

The first question urged by appellant relates to the action of the court in requiring the jury, after they had returned their verdict into court, to again retire and fill certain blanks left therein.

When the jury first returned their verdict, the concluding part which the court instructed them was not sufficient because they had left certain blanks which they should have filled, reads as follows: "That by reason of said injuries he [appellee] was unable to do any labor whatever, for more than four months next following the 10th day of January, 1892. That during all of said time, by reason of said injuries and said broken limb, he suffered great pain and agony. That at the time he received such injuries he was a first-class locomotive engineer, and earning one hundred and thirty ($130.00) dollars per month; that during his said confinement by reason of said injuries, he was under the medical care of Dr. McOscar, in the treatment of said injuries, which said medical care was worth the sum of $100.00. That plaintiff laid out and expended for medicines and appliances on account of said injuries, the sum of .$75.00; and that his nursing for the period of two months as aforesaid, was of the value of $60.00, and that by reason of the pain and suffering occasioned by said injuries the plaintiff was damaged in the sum of......dollars.

"We further find that at said dangerous point on said sidewalk at its intersection of the north line of said alley as aforesaid, on the night plaintiff received the injuries as aforesaid, there was at said point no barricades, red or white lights, or other warning to those using said walk, of its dangerous condition at said point.

"If, upon the foregoing facts, the law be with the plaintiff, we find for the plaintiff. If, upon the foregoing facts, the law be with the defendant, we find for the defendant. If the law be with the plaintiff upon the foregoing facts, we assess his damages at......dollars.

"We, the jury, find for the plaintiff."

The court before requiring the jury to retire to again consider their verdict, instructed them that it was necessary that they fill the two blanks left therein, as shown above. When the jury again returned their verdict, they had filled the blank wherein formerly they had given nothing for "pain and suffering," by inserting therein the sum of $500.00, and in the blank making the general assessment of damages, they had inserted the sum of $1,255.00.

It is the duty of the court upon the return of a special verdict, before its acceptance and the jury discharged, to see that it is regular in form, and if found to be informal or irregular, to require the jury to retire and correct it. For example, if the jury fail to make an assessment of damages, that makes the verdict defective, and they should be required to retire and make an assessment of whatever damages they may find. It is not always necessary that this assessment be in the form of a general assessment or finding; for if the jury give in the verdict all the data from which the court by the simple rules of addition may be able to ascertain the amount due, it will be sufficient. It is the data, or basis upon which damages are allowed, that control the general

assessment, and if the data or the facts found show the general assessment to be incorrect, it should be corrected by the court. *Dawson* v. *Shirk*, 102 Ind. 184.

It is next urged that the jury failed to find all of the material facts proven.

The court below certifies that there was evidence given on the trial of the cause tending to prove the following facts, none of which were found by the jury in their verdict, viz:

"An electric arc lamp hung over the center of Clinton street, one hundred and fifty feet north, and another one hundred and fifty feet south of the place of plaintiff's accident, which were burning at the time of such accident, and the only obstruction to light was a row of deciduous trees at the outer edge of said sidewalk, extending both north and south from said alley, and that at the time of such accident the character of the place of the same was as follows: The sidewalk was paved with brick to the width of eight feet, and the alley to its full width with cedar blocks. The alley sloped gradually from the property line to the street pavement, but the trunk of a basswood tree at the junction of said alley and sidewalk on the north, prevented pedestrians from using more than five feet eight inches in width of the sidewalk next to the property line. Pine strips two inches wide by one and one-fourth inches thick were nailed on said alley pavement across the line of said sidewalk at narrow intervals. The first on the south side of such alley crossing close to the line where brick and block paving joined. The brick paving of said walk sloped from three feet north of such alley to the block pavement of the same, descending in said three feet from eight inches at the outside to three inches at the inside of said brick pavement. Said alley was fourteen feet wide, and a one story frame building adjoined the

same on the north, with its front six and one-fourth feet east of said brick sidewalk.

"Plaintiff fell near the middle line of the five and two-thirds feet available width of said sidewalk and in the neighborhood of eighteen inches north of the junction of the brick and block at the north side of the alley crossing."

It is not certified by the court, neither does the record show, that the evidence which tends to prove these facts was undisputed. Of course, if there was evidence conflicting with that which tended to prove these facts, the presumption is that the jury did not find them because not proven. Facts not found are presumed to be found against the party upon whom rested the burden of proving them. When evidence is introduced proving a material fact and there is no evidence to disprove or in conflict with that introduced, the jury should find such fact to exist. Because the court certifies that evidence was introduced tending to prove certain facts, will not warrant the assumption that there was no evidence to the contrary.

The presumption which arises in favor of the correctness of the ruling of the trial court in overruling the motion for a new trial warrants the assumption that such ruling was based upon other evidence introduced which disproved the facts above set out; and this presumption must prevail unless the record affirmatively shows that the evidence introduced tending to prove such facts was all of the evidence introduced relative to those questions. *Keller* v. *Reynolds*, 12 Ind. App. 383.

Counsel for appellant insist that these facts were all material, and that had they been found the court would have been compelled to infer that the defect in the walk was open and obvious, and that appellee could have avoided being injured had he looked.

We are unable to see wherein these facts, admitting that they were proven, could have changed the result, even if they had been found. While it may be admitted that there were lights burning at a distance from where the accident occurred, and, if there were no obstructions, that they would have lighted the place where appellee was injured, sufficiently for him to have seen the condition of the walk, there were obstructions, however, which did obstruct the view, to what extent is not disclosed. If the evidence tending to prove these facts was undisputed, and the facts, if found, would have changed the result, the court should have granted a new trial for the failure of the jury to find all of the material facts proven.

" Where pertinent and material facts are proven, but the court does not find them, and thereby impliedly finds that they are not proven, the finding in such respect is contrary to law, as well as contrary to the evidence, and good cause arises therefrom for a new trial." *Gray* v. *Taylor*, 2 Ind. App. 155.

The facts not found, but which the court certifies there was evidence tending to prove, not being of such a character as that if found they would have changed the result, the court did not err in overruling the motion for a new trial, because such facts were not found by the jury in their verdict.

Judgment affirmed.

