WEST *v.* STATE OF INDIANA

[No. 28,635.   Filed June 15, 1950.]

432

*Clarence E. Benadum* and *Frederick F. McClellan, Jr.,* of Muncie; *Frank W. Gordon,* of Bluffton, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Walter O. Lewis,* Deputy Attorneys General, for appellee.

GILKISON, J.—Appellant was tried by the Wells Circuit Court on an indictment as follows:

"The Grand Jury of the County of Wells, upon their oath do present that on or about the 29th day of October A.D., 1948 at and in the County of Wells and in the State of Indiana Claud E. West did then and there unlawfully, feloniously and forcibly make an assault in and upon one Pauline Garrett, a woman then and there being, and did then and there forcibly and against her will, unlawfully and feloniously ravish and carnally know her, the said Pauline Garrett, contrary to the form of the statute in such cases made and pro-

vided, and against the peace and dignity of the State of Indiana.

A true bill

R. C. Meyer

Joseph F. Eichhorn
Prosecuting Attorney,
28th Judicial Circuit

Recorded this 11th day of Nov., 1948.

Dallas Crismore

(Clerk's seal)          Clerk, Wells Circuit Court"

To this indictment appellant entered a plea of not guilty. As shown by the record a trial by jury resulted in a verdict at approximately 11 o'clock P. M. on October 12, 1949 as follows:

"We the jury, find the defendant, Claud E. West, guilty of assault and battery, as charged in the indictment, and that he be fined in the sum of ————— and imprisoned for a term of (1) one year no less.

Max Bayless, Foreman."

The record then shows that "The court now dismisses said jury and the court now discovers a defect in the verdict, before the jury had left the court room and the jury room; and the court now recalls said jury and advises said jury of the defect in the verdict. And the court now, at the said time, rereads all instructions heretofore read to the jury, and said jury is now instructed to return to the jury room for further deliberation."

The record then shows: "Come now the jury, after further deliberation and consideration in open court at 1 o'clock A. M. on the 13th day of October 1949, and returns the following verdict:

"October 13, 1949

"We the jury find the defendant, Claud E. West guilty of assault and battery with intent to commit

a rape as charged in the indictment and that he is 33 yrs. of age.

"The jury recommends that he serve not more than 1 yr. nor less than 1 yr.

Max Bayless, Foreman

"The jury is now dismissed."

Thereafter and before judgment was rendered appellant filed his motion to set aside the verdicts rendered for the following reasons:

(1) That each of the verdicts is illegal, because the indictment was not endorsed by the foreman of the grand jury as foreman.

(2) That the second verdict is illegal because the jury had been dismissed by the court, and thereafter the judge recalled the persons who had served as jurors in rendering the first verdict, and instructed them to return to the jury room for further deliberation, and thereafter the second verdict was returned.

This motion was overruled by the court.

Appellant filed his motion for new trial for the reason: "That the verdicts of the jury are contrary to law." The motion was overruled.

Appellant filed his motion in arrest of judgment on either of the verdicts, for the reasons:

(1) That the alleged indictment was not endorsed by the foreman of the grand jury, or by anyone as foreman of the grand jury, and for that reason the indictment is a nullity; and the verdicts rendered thereon are null and void, and not subject to a legal judgment.

(2) That the facts stated in the indictment do not constitute a public offense.

This motion was overruled by the court.

And then the court sentenced appellant to the state prison for a term of not less than one nor more than ten years.

The errors assigned are (1) overruling the motion in arrest of judgment, (2) overruling the motion to set aside the verdicts, and overruling the motion for new trial.

We shall discuss these alleged errors in the order noted above.

Section 9-901, Burns' 1942 Replacement provides that when an indictment is found it must be signed by the prosecuting attorney, "and it must also be endorsed by the foreman of the grand jury, 'A true bill,' and he must subscribe his name thereon as foreman."

It frequently has been held that an indictment not so signed by the grand jury foreman is bad on motion to quash. *Johnson* v. *State* (1864), 23 Ind. 32; *Cooper* v. *State* (1881), 79 Ind. 206; *Strange* v. *State* (1887), 110 Ind. 354, 11 N. E. 357; *Robinson* v. *State* (1912), 177 Ind. 263, 264, 265, 97 N. E. 929; *Bledsoe* v. *State* (1945), 223 Ind. 675, 693, 64 N. E. 2d 160.

However, in this case the question was not raised by a motion to quash, but by a motion in arrest of judgment. A motion in arrest may be sustained for the reasons (1) That the offense was not within the jurisdiction of the court, and (2) That the facts stated in the indictment do not constitute a public offense. Burns' 1942 Replacement, § 9-2001. *Ewbank's Indiana Criminal Law* 524, § 705 (2d Ed.). The defect in the indictment complained of, is that the person who endorsed the indictment as "A true bill" did not sign it "as foreman." In this connection we must note that this does not raise the jurisdictional question as authorized by the statute

Section 9-2001, Cl. First, *supra,* nor does it raise a question as to the sufficiency of the facts stated to constitute a public offense as authorized by Cl. Second, of the statute. The defect complained of cannot be presented by a motion in arrest. *Ewbank's Indiana Criminal Law* 525, § 706 (2d Ed.) ; *Pittsburgh, etc. R. Co.* v. *State* (1912), 178 Ind. 498, 501, 99 N. E. 801; *Tow* v. *State* (1926), 198 Ind. 253, 259, 151 N. E. 697; *Carlin* v. *State* (1933), 204 Ind. 644, 649, 184 N. E. 543. See also *Deitz* v. *State* (1889), 123 Ind. 85, 23 N. E. 1086. The motion in arrest was rightly overruled. In this connection it is proper to observe that Burns' 1942 Replacement, § 9-902, provides that:

> "As soon as a grand jury has returned an indictment into court, the judge must examine it; and if the foreman has neglected to indorse it 'A true bill' with his name signed thereto, . . . the court must cause the foreman to . . . sign it, . . . in the presence of the jury."

Courts should always obey this mandatory statute.

It is a duty of the trial judge to see that the verdict is in proper form and covers all the issues before discharging the jury. 2 Watson's Rev., *Works' Practice* 446, § 1874; *Straw* v. *State* (1925), 197 Ind. 606, 613, 149 N. E. 430, 151 N. E. 695, 696; 3 Lowe's Rev., *Works' Practice* 523, § 57.3, p. 538, § 57.17; *Crocker et al.* v. *Hoffman* (1874), 48 Ind. 207, 210; *City of Ft. Wayne* v. *Durnell* (1895), 13 Ind. App. 669, 671, 42 N. E. 242; *Lake Erie etc. R. Co.* v. *Griswold* (1920), 72 Ind. App. 265, 270, 125 N. E. 783; *Moore* v. *State* (1947), 225 Ind. 357, 359, 75 N. E. 2d 193; 23 C. J. S., Verdict, § 1388, p. 1067.

If the verdict is defective in substance it is a duty of the trial judge to have it amended by the jury be-

fore it is allowed to separate. There can be no amendment of a verdict in a material part after the jury has been allowed to separate finally— this means after it has been discharged by the court. *Limeberry* v. *State* (1945), 223 Ind. 622, 627, 63 N. E. 2d 697; *Trout and Another* v. *West and Others* (1867), 29 Ind. 51; *Baughan* v. *Baughan* (1888), 114 Ind. 73, 75, 15 N. E. 466; *Moore* v. *State* (1947), 225 Ind. 357, 359, 75 N. E. 2d 193, *supra.*

The power and duty of the judge to have a verdict defective in substance corrected by the jury ceases when the verdict is received and the jury is officially discharged by the judge. From the moment of its official discharge the jury is released from any further obligations or duties in the case. It may not at any time thereafter be reassembled even on the orders of the judge for the purpose of correcting errors of substance in the verdict or for further deliberation of its verdict. With its official discharge it immediately became *functus officio* as a jury in the case and anything it did thereafter, even under the order of the judge was null and void. There must be a time when the members of a jury cease to act as a jury in a case. That time arrives when the jury returns a verdict in open court which is accepted by the judge, and the jury is then officially discharged by the judge. 53 Am. Jur., Trial, § 1100, p. 764. For annotation with many cases cited see 66 A. L. R. 538, 544 and 23 L. R. A. 723, 732, 734; *Warner* v. *New York Central R. Co.* (1873), 52 N. Y. 437, 442, 11 Am. Rep. 724, 728; *Walters* v. *Junkins* (1827), 16 Serg. & R. (Pa.) 414, 16 Am. Dec. 585; *Cook* v. *State* (1877), 60 Ala. 39, 31 Am. Rep. 31; *People* v. *Lee Yune Chong* (1892), 94 Cal. 379, 384; *State* v. *Dawkins* (1890), 32 S. C. 17, 26, 10 S. E. 772; *Yonker* v. *Grimm* (1926),

101 W. Va. 711, 715, 133 S. E. 695; *Melton* v. *Commonwealth* (1922), 132 Va. 703, 704, 111 S. E. 291.

For the reasons noted the second verdict returned by the jury is null and void and appellant's motion to set it aside should have been sustained.

The first verdict was returned while the jury was lawfully in session. It found the defendant guilty of assault and battery as charged in the indictment. That offense is included in the indictment and is a misdemeanor. Burns' 1942 Replacement, § 9-1817; *Rose* v. *State* (1870), 33 Ind. 167; *Kleopfer* v. *State* (1928), 200 Ind. 287, 289, 163 N. E. 93.

It has been held by this court that a defendant may be convicted of assault and battery under an indictment charging him with rape. *Mills* v. *State* (1875), 52 Ind. 187, 192; *Gordon* v. *State* (1912), 177 Ind. 689, 690, 98 N. E. 627; *Kleopfer* v. *State* (1928), 200 Ind. 287, 289, *supra;* Burns' 1942 Replacement, §§ 9-1817, 9-1816.

When a jury finds a defendant guilty of a misdemeanor the jury must state in the verdict the amount of fine, and the period of imprisonment, if any. Burns' 1942 Replacement, § 9-1819. The statutory penalty for assault and battery must be a fine of not more than one thousand dollars, to which may be added imprisonment in the county jail not more than six months. Burns' 1942 Replacement, § 10-403. The jury's verdict finding the defendant guilty of assault and battery was in proper form, but the penalty inflicted was void, for two reasons. 1st. It did not provide for a fine, and 2nd, the period of imprisonment fixed is double the maximum fixed by the statute. *Lefforge* v. *State* (1891), 129 Ind. 551, 29 N. E. 34; *Gaughan* v. *State* (1918), 187 Ind. 334, 118 N. E. 565.

In such a situation the court cannot correct, modify or amend the verdict by adding a fine or reducing the time of imprisonment to bring it within the penalty provided by law. *Veatch* v. *State* (1878), 60 Ind. 291, 292; *Rose* v. *State* (1882), 82 Ind. 344; *Limeberry* v. *State* (1945), 223 Ind. 622, 627, 63 N. E. 2d 697, *supra*. The verdict is so indefinite in substance that no valid judgment could be passed thereon.

The judgment is reversed with instructions to sustain defendant's motion for new trial.

NOTE.—Reported in 92 N. E. 2d 852.