CROTTY v. STATE OF INDIANA.

[No. 31,033. Filed April 19, 1968.]

*Ralph E. Brill, Bert F. Wood,* of Terre Haute, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit, filed in the Vigo Circuit Court, with the crime of Assault and Battery on a Child. Trial was had by jury, resulting in a finding and verdict by the jury that the appellant was guilty of assault and battery on a minor child.

Following the finding and verdict of the jury and before sentence was pronounced, appellant filed a Motion For Venire Facias De Novo. Such motion was overruled by the court. Thereupon the probation officer filed his pre-sentence investigation report ordered by the court.

Thereafter, the court entered judgment on the verdict of the jury sentencing appellant to the Indiana State Prison for a period of not less than two (2) years nor more than twenty-one (21) years. From such sentence and conviction stems this appeal.

The affidavit charging appellant herein in pertinent part reads as follows:

"Geraldine Nevins, being duly sworn upon his Oath says that Robert Joseph Crotty, late of said County, on or about the 6th day of August, A.D., 1965, at said County and State aforesaid, did then and there unlawfully and feloniously touch one Cheryl Bryant, a female child under the age of 12 years, to-wit: 10 years, in a rude, insolent and angry manner, and in the commission of the said offense, he, the said Robert Joseph Crotty, a male person, did fondle and caress the body of the said Cheryl Bryant with intent then and there and thereby to gratify the sexual desires and appetites of the said Robert Joseph Crotty; and he, the said Robert Joseph Crotty, in the commission of the acts aforesaid, did frighten, excite and tend to frighten and excite the said Cheryl Bryant, all being then and there Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant appeared in open court in person and by counsel, waived arraignment, entered a plea of not guilty to the charge and requested trial by jury.

Thereafter this cause was submitted to trial before the court and jury, and the jury having heard the evidence and deliberated thereon returned the following verdict:

"We, the Jury, find the defendant, Robert Joseph Crotty, guilty of Assault and Battery on a Minor Child under the age of 12 years, and that he be imprisoned for a period of 2 to 21 years."

On May 31, 1966, appellant filed a Motion for Venire Facias De Novo, which in pertinent part reads as follows:

"Comes now the defendant, Robert Joseph Crotty, and moves the Court for a Venire Facias De Novo in the above

entitled cause, for the reason that the verdict heretofore rendered herein is so uncertain and defective and ambiguous that judgment cannot be entered thereon against him.

That said verdict is contrary to law and is not legal for the reason that the defendant was deprived of his rights under the statute by the Court's failure to correct their verdict before being discharged and the Court having failed to do so and having discharged the jury, the defendant is left without a legal remedy, since there can be no amendment of the verdict after the discharge of said jury and said verdict is null and void.

The jury verdict is as follows:

'We, the Jury, find the defendant Robert Joseph Crotty, guilty of assault and battery on a Minor Child under the age of 12 years, and that he be imprisoned for a period of 2 to 21 years.'

The jury verdict is a nullity for the reason that if the jury found him guilty of a misdemeanor the penalty could not be more than six (6) months imprisonment and not more than $1,000.00 fine, whereas the verdict says:

' . . . assault and battery on a minor child under age of 12 years and that he be imprisoned for a period of 2 to 21 years.'

If this is a verdict of guilt on the felony section of the statute, then it is void, illegal and contrary to Burns' Statute, Vol. 4, 9-1821, which, among other things says:

'When any male 30 years or over shall be on trial for a felony, except murder or treason, the Court or *jury trying said cause shall ascertain only his age and whether he is guilty of the offense charged;* . . . Instead of pronouncing against such defendant a definite term of imprisonment, *the Court, after such* finding or *verdict of guilty, shall pronounce against him a sentence of imprisonment,* in the State Prison for *an indeterminate period,* stating in such sentence the maximum and minimum limits thereof, . . .' (Our emphasis)

If the jury intended to find him guilty of the felony charge, their only function was to find, 'he is guilty of the offense charged and his age is — years.' This they did not do.

The jury may invoke a determinate sentence but where the Statute invokes an indeterminate sentence, the jury's verdict in sentencing one for a period of '2 to 21 years' is illegal and void.

WHEREFORE, defendant moves the Court to sustain this Motion for Venire Facias De Novo."

Thereupon the court overruled appellant's said motion, and the probation officer's pre-sentence report having been filed and considered by the Judge "and finding the true age of said defendant Robert Joseph Crotty to be fifty-two (52) years," the court pronounced and entered the following judgment:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that said defendant, Robert Joseph Crotty is guilty of Assault and Battery on a child under the age of twelve (12) years, and that for the offense so committed by him against the peace and dignity of the State of Indiana, he be and is now and hereby committed to the custody of the Warden of the Indiana State Prison, Michigan City, Indiana, for a period of not less than two (2) years nor more than twenty-one (21) years; that said defendant, Robert Joseph Crotty stand committed to the said Indiana State Prison until such costs this day taxed at $——, are paid or he be otherwise discharged according to law."

Appellant thereupon filed his Motion For a New Trial. Such motion in pertinent part reads as follows:

"Comes now the defendant, Robert Joseph Crotty, in above cause and moves the Court for a new trial thereof upon each of the following grounds, and for the following reasons:

1. Error of law in overruling defendant's Motion for Venire Facias De Novo.

2. Irregularities in the proceedings of the trial in this, to-wit:

'In overruling defendant's Motion for Venire Facias De Novo.'

3. Error of law occurring at the trial, in this, to-wit: 'In sentencing the defendant after giving judgment of an illegal, defective, ambiguous and void verdict.'

4. Irregularities in the proceedings of the trial, in this, to-wit:

'In sentencing the defendant after giving judgment on an illegal, defective, ambiguous and void verdict.'

5. Eror of law occurring at the trial, in refusing to give defendant's Instruction No. 2.

6. That the verdict of the Jury is contrary to law.

7. That the verdict of the jury is not sustained by sufficient evidence.

8. That the judgment on the verdict is not sustained by sufficient evidence.

9. That the judgment on the verdict is contrary to law.

10. Error of law occurring at the trial, in refusing to give defendant's Instruction No. 14.

WHEREFORE, the defendant prays the Court that this his Motion for a New Trial be in all things sustained, that he be granted a new trial in said cause and for all other relief in the premises."

Thereafter on June 6, 1966, the court overruled appellant's Motion for a New Trial, and this appeal was perfected.

Appellant's Assignment of Errors, omitting formal parts, reads as follows:

"The appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:

1. The court erred in pronouncing judgment on the verdict of the jury.

2. The court erred in pronouncing judgment which was not in conformity with the verdict of the jury.

3. The court erred in pronouncing judgment and sentencing appellant to the Indiana State Prison as guilty of a felony on the verdict of the jury which found the appellant guilty of a misdemeanor.

4. The court erred in pronouncing judgment and sentencing appellant as guilty of assault and battery-sex on the verdict of the jury which found the appellant guilty only of simple assault and battery.

5. The court erred in pronouncing judgment of imprisonment of appellant in the Indiana State Prison for a period of not less than two (2) years nor more than twenty-one (21) years on the verdict of the jury which found the appellant guilty only of simple assault and battery.

6. The court erred in failing to order the jury to retire before it was finally discharged, and correct or amend its verdict which was ambiguous, defective and void.

7. The court erred in overruling appellant's motion for a new trial.

8. The court erred in overruling appellant's motion for a venire facias de novo."

This appeal is based on questions of law and no testimony has been brought up in the transcript; consequently we proceed directly to the consideration of those questions.

Appellant first urges his assignment of error No. 7 that the court erred in overruling appellant's motion for a new trial, and urges the following five causes of such motion: 1, 2, 3, 4 and 6. Appellant contends that the verdict of the jury was illegal, defective, ambiguous and void, and that the verdict is contrary to law, and that therefore the court erred in pronouncing judgment and sentence on the verdict. He has grouped said causes and supports them by one argument in accordance with Rule 2-17 of this Court.

The statute on which the prosecution herein was based reads as follows:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000] to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons or unfastens or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth [12] birthday but has not attained his or her seventeenth [17] birthday, or fondles or caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years; Provided further, That if such child has not attained his or her twelfth [12] birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two (2) years nor more than twenty-one (21) years." Acts 1905, ch. 169, § 354, p. 584, as amended, being § 10-403, Burns' 1967 Cum. Supp.

The appellant was charged in the language of said statute with the commission of the offense of assault and battery upon a child under the age of twelve years with intent to gratify appellant's sexual desires and appetites and in the commission of the acts aforesaid, did frighten, excite and tend to frighten and excite said child. The jury by its verdict purported to find appellant "guilty of Assault and Battery on a Minor Child under the age of 12 years . . ." The verdict of the jury was illegal, defective, ambiguous and void for the reason that the verdict did not contain a finding of an essential element of the crime with which appellant was charged, to-wit: That appellant committed the offense of assault and battery upon the child *with the intent to gratify the sexual desires* of the appellant or to frighten the child. *Martin* v. *State* (1958), 239 Ind. 174, 154 N. E. 2d 714; *Markiton* v. *State* (1957), 236 Ind. 232, 139 N. E. 2d 440; 23A C. J. S., *Criminal Law,* § 1406, p. 1097.

The verdict of the jury was illegal, defective, ambiguous and void as a finding that appellant was guilty of assault and battery, the misdemeanor under said statute, for the reason that the verdict did not fix or specify the statutory penalty for assault and battery, to-wit: a fine of not more than one thousand dollars ($1,000) to which may be added imprisonment in the county jail not exceeding six (6) months. The verdict provided that appellant be imprisoned for a period of 2 to 21 years. The penalty inflicted was void, and the verdict, therefore, fixed no penalty. The verdict was void. It was not and is not enforcible for any purpose against the appellant. *Martin* v. *State* (1958), 239 Ind. 174, 154 N. E. 2d 714; *West* v. *State* (1950), 228 Ind. 431, 92 N. E. 2d 852; *Limeberry* v. *State* (1945), 223 Ind. 622, 63 N. E. 2d 697.

"When the defendant is found guilty the jury, except in the cases provided for, in the next three [two] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; where the plea is guilty or the

trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted." Acts 1927, ch. 200, § 1, p. 574, being § 9-1819, Burns' 1956 Replacement.

The next section mentioned in the statute above is not applicable in the case at bar, as it pertains to defendants between sixteen and thirty years of age. The second section mentioned in § 9-1819 is § 9-1821, Burns' 1956 Replacement (Acts 1927, ch. 200, § 3, p. 574) and reads as follows, to-wit:

"Whenever any male person thirty [30] years of age or over, shall be on trial for any felony, except treason or murder, the court or jury trying the cause shall ascertain only his age and whether he is guilty of the offense charged; and if more than one [1] offense be charged, it shall be found on which, if any, of such offenses he is guilty, and of which he is not guilty. Instead of pronouncing against such defendant, a definite term of imprisonment, the court, after such finding or verdict of guilty, shall pronounce against him a sentence of imprisonment in the State Prison for an indeterminate period, stating in such sentence the maximum and minimum limits thereof, as such maximum and minimum limits of time for the punishment of such offense are now or may hereafter be prescribed by law, excepting in cases as are provided for in section 2 [§ 9-1820] of this act."

It is clearly apparent that the verdict of the jury is void and not enforcible for any purpose against the appellant. Under the circumstances it is unnecessary to further encumber this opinion by discussion of other errors assigned and argued.

The cause is reversed and remanded to the trial court with instructions to grant appellant's Motion for New Trial.

Lewis, C. J., and Hunter and Mote, JJ. concur; Arterburn, J., concurs in result.

NOTE.—Reported in 236 N. E. 2d 47.