WILLIAM LEE CROOKS *v.* STATE OF INDIANA.

[No. 869S185. Filed March 3, 1971.]

*Lawrence H. Robbins, Walter C. Dietzen,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction in the Madison Circuit Court. Appellant was charged by a four count indictment which counts may be summarized as follows:

Count One—Involuntary manslaughter; Count Two—Reckless homicide; Count Three—Causing the death of another while driving under the influence of intoxicating liquor; Count Four—Driving a vehicle while under the influence of intoxicating liquor.

Appellant entered a plea of not guilty and trial was had by jury. The jury rendered its verdict in writing as follows:

"We, the jury, find the defendant guilty of driving while under the influence of intoxicating liquor and that he shall

be imprisoned an indeterminate period of not less than one (1) year nor more than five (5) years."

Prior to sentencing the appellant petitioned the court to render judgment on the verdict in conformity with Count Four of the indictment. Count Four, driving while under the influence of intoxicating liquor, charged a misdemeanor, the penalty for which is set forth below. The State responded to the appellant's petition, contending that the verdict of the jury was on Count Three of the indictment, and that the words "causing the death of another" were inadvertently omitted in the jury's written verdict. The State's contention was supported by the sentence imposed in the jury verdict, that sentence being in conformity with the felony charged in Count Three. The trial court entered judgment as follows:

"Comes now the Court and upon the jury's verdict of January 31, 1969 of guilty to the charge herein the court now sentences said defendant upon said verdict to not less than one nor more than five years in the Indiana State Reformatory. Judgment is entered on the finding of the jury."

Appellant brings this appeal alleging three allegations of error, only one of which need be dealt with here.

At trial the court gave an instruction which related the optional punishments provided for conviction for each of the four counts in the indictment. This instruction as it relates to Count Three, causing the death of another while driving under the influence, reads in part:

"(b) Driving While under the Influence of Intoxicating Liquor or Narcotic Drugs. Any person who drives a vehicle while such person is under the influence of intoxicating liquor or of narcotic or other habit-forming drugs shall be guilty of a criminal offense. (1) Any person who while under the influence of intoxicating liquor or narcotic or other habit-forming drugs drives a vehicle and when so driving causes the death of another person, is guilty of a felony and, upon conviction, shall be imprisoned for an indeterminate period of not less than one (1) year nor more than five (5) years; or shall be imprisoned for an indeterminate period of not less than one (1) year nor more than

two (2) years to which shall be aded a fine of not less than two hundred fifty ($250) nor more than five thousand dollars ($5,000). . . ."

The instruction as it relates to Count Four, driving while under the influence of intoxicating liquor, reads in part:

"(2) In all cases except those covered by subparagraph (1) above, any person who drives a vehicle upon any highway while under the influence of intoxicating liquor or narcotic or other habit-forming drugs shall be guilty of a misdemeanor and upon first conviction shall be imprisoned for not less than five (5) days nor more than six (6) months, or punished by a fine of not less than twenty-five dollars ($25.00) nor more than five hundred dollars ($500), or by both such fine and imprisonment."

The instruction purports to and does set forth the appropriate punishments for convictions under either Count Three or Count Four, as found in I.C. 1971, 9-4-1-54, being Burns IND. STAT. ANN. § 47-2001(b).

Appellant alleges that the verdict was illegal, defective, ambiguous, and void, and contrary to law, and, therefore, the trial court erred in pronouncing judgment and sentencing. The essence of appellant's argument is that the jury had assessed a penalty for a felony, when in fact the verdict of the jury found the appellant guilty of only a misdemeanor under Count Four, driving while under the influence of intoxicating liquor.

In reply, the appellee, the State, urges that the verdict of the jury finds the appellant guilty as charged in Count Three, causing the death of another, while driving under the influence of intoxicating liquor. The State contends that the printed verdict forms supplied to the jury by the court, inadvertently omitted the words "causing death to another." The appellee urges the assessment of a punishment of one to five years imprisonment is evidence that the jury found that the appellant was guilty as charged in Count Three.

We cannot adhere to the arguments of the appellee and must agree with the appellant for the following reasons:

Firstly, the verdict was given in writing and was ■ unequivocal regarding the finding of the jury without any mention of the defendant having "caused the death of another," an element absolutely essential to a finding of guilty as charged in Count Three.

Secondly, even assuming that the verdict is ambiguous, we cannot construe the verdict as the appellee urges. An ambiguous verdict must be construed in favor of the accused. *Martin* v. *State* (1958), 239 Ind. 174, 154 N. E. 2d 714.

Lastly, where the statute invokes an indeterminate sentence, the assessment of punishment for a conviction of a felony is not within the province of the jury. I.C. 1971, 35-8-2-2 ■ and 35-8-2-3, being Burns IND. STAT. ANN. §§ 9-1820 and 9-1821. See also *Powell* v. *State* (1968), 250 Ind. 663, 237 N. E. 2d 95. Where the jury has erroneously attempted to assess punishment for a felony conviction, such words of assessment have been held to be surplusage to the verdict. *Wallace* v. *State* (1932), 204 Ind. 68, 183 N. E. 29. In effect, then, the appellee urges, on the basis of the penalty assessed, that we construe the verdict to be one of a felony conviction as charged in Count Three, when, in fact, such construction would render the penalty assessed surplusage to the verdict.

We hold, therefore, that the verdict of the jury was a finding of guilt as charged in Count Four of the indictment, driving while under the influence of intoxicating liquor.

As stated before, a conviction under Count Four, is a conviction of a misdemeanor. Burns § 47-2001(b)(2). It is the responsibility of the jury in such an instance to state in the verdict the amount of fine and the punishment to be inflicted. I.C. 1971, 35-8-2-1, being Burns IND. STAT. ANN. § 9-1819. In the case at bar the jury assessed the penalty to be "not less than one nor more than five years." Such a penalty is not within the statutory provisions for penalties for a conviction for driving while under the influence of intoxicating liquor. The maximum penalty provided for under such a

conviction, for a first offense, is a fine of $500 and imprisonment for six months.

The question is thus presented of what effect is a verdict of guilty of a misdemeanor where the penalty assessed is greater than the law allows? Such a verdict in Indiana is held to be void. *Crotty* v. *State* (1968), 250 Ind. 312, 236 N. E. 2d 47; *West* v. *State* (1950), 228 Ind. 431, 92 N. E. 2d 852; *Martin* v. *State, supra.*

Our attention is directed to the case of *Crotty* v. *State, supra.* In that case the defendant was charged with assault and battery upon a minor child with intent to gratify sexual desires; a felony for which the penalty was two to twenty-one years imprisonment. The jury returned a verdict of assault and battery on a minor child and assessed the penalty at two to twenty-one years when, in fact, such an offense was a misdemeanor punishable by only a maximum of six months imprisonment and a $1,000 fine. This Court held that if the verdict purported to find the defendant guilty of the felony it was defective, illegal and void in that the verdict did not contain an essential element of the crime, to wit: "the intent to gratify the sexual desires."

We further held that if the verdict purported to find the defendant guilty of the misdemeanor, it was equally defective, illegal and void in that it did not, as required by law, affix the penalty within the statutory limitations but rather imposed a penalty greater than the law allowed.

So it is with the case at bar. The penalty affixed by the jury is beyond the statutory limitations as such it renders the verdict void and a nullity. The verdict is not enforcible against the appellant and the trial court erred in rendering judgment on the verdict.

Appellant also alleges that the trial court erred in failing to grant appellant a mistrial after the trial court first admitted into evidence a copy of a State Police laboratory report showing that appellant's blood sample showed alcoholic content .17 percent shortly after the accident. The report,

Exhibit "L", after being allowed to pass through the hands of the jury, was withdrawn from evidence by the trial court, which admonished the jury to disregard it. The trial court later gave an instruction which conveyed that .15 percent by weight of alcohol in appellant's blood would be prima facie evidence of driving while under the influence of intoxicating liquor. Appellant contends that the admonishment to the jury is insufficient to cure the prejudicial effect of the erroneously admitted evidence and that the case should have been withdrawn from the jury. In view of our holding here, however, we need not and do not reach this issue as it is unlikely to recur on retrial.

The judgment of the trial court is reversed and remanded with instructions to grant appellant's motion for new trial.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 52.