ROBERT LEE FULTZ *v.* STATE OF INDIANA.

[No. 1275S375. Filed December 23, 1976.]

*Harriette Bailey Conn*, Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *James N. Shumacker*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with First Degree Murder of a policeman and with the Commission of a Felony While Armed. He was convicted under the

murder count of the lesser included offense of Second Degree Murder and sentenced thereon to life imprisonment. He was also convicted upon the armed felony count, for which he was sentenced to ten years imprisonment. His appeal to this Court presents five issues:

(1) The constitutionality of the statute under which the murder charge was brought, being Ind. Code § 35-13-4-1 (Acts 1973, P.L. 328, § 1), generally referred to as the First Degree Murder statute.

(2) The right of the jury to determine the constitutionality of the above mentioned statute.

(3) The validity of a sentence imposed by the judge, in view of Ind. Code § 35-8-2-2 (Acts 1927, ch. 200, § 2), providing that such sentence should be set by the jury in cases tried by jury.

(4) The sufficiency of the evidence to support the verdicts, and

(5) The admissibility into evidence of specimens of hair taken from the defendant's head and others taken from a hat inferentially worn by the perpetrator of the crimes.

## ISSUE I

Constitutional infirmity alleged by the defendant relates only to the provisions for the death penalty. In *Adams* v. *State*, (1972) 259 Ind. 164, 284 N.E.2d 757, as a result of a decision in *Furman* v. *Georgia*, (1972) 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, this Court remanded a case in which the death penalty had been imposed with directions to vacate the judgment and to impose a sentence of life imprisonment. Thereafter, in *Gordy* v. *State*, (1974) 262 Ind. 275, 315 N.E.2d 362, we interpreted *Adams, supra,* and *Furman, supra,* as applying only with respect to the sentence imposed and not with respect to the conviction. It follows that the defendant, not having been sentenced under the provisions charged with unconstitutionality, has no standing to raise such issue. *City of Indianapolis*

*et al.* v. *State Tax Commissioners et al.,* (1974) 261 Ind. 635, 308 N.E.2d 868.

## ISSUE II

During the voir dire examination of prospective jurors, the defendant's counsel sought to elicit the attitude of one of the panel members concerning the constitutionality of the death penalty statute. The trial court sustained the State's objection and directed counsel to refrain from such interrogation. Thereafter, the court refused two tendered instructions, one advising that the jury could "judge the constitution," and the second advising that the provisions of the statute under which the defendant was charged were severable and that a determination that the death penalty provisions thereof were unconstitutional would not invalidate the other provisions.

It is apparent that the purpose of such voir dire examination and such tendered instructions was to avert a conviction upon the charge of first degree murder of the policeman, which, under the statute, would have mandated a death sentence. Inasmuch as the defendant was acquitted upon that charge, it again appears that the question sought to be raised is moot. In view of the possibility that we do not correctly perceive the defendant's purpose, however, we point out to the defendant that his argument that the jury has a right to judge the constitutionality of the statute is contrary to our recent holding in *Sumpter* v. *State,* (1974) 261 Ind. 471, 306 N.E.2d 95.

## ISSUE III

The trial judge erred in imposing the sentence upon the second degree murder conviction, in view of the express statutory provisions that it be fixed by the jury. *Brown* v. *State,* (1969) 252 Ind. 161, 247 N.E.2d 76. The State does not refute this contention but charges that the error was waived by the defendant's failure to object at the time the sentence was imposed and again by his failure

to include it in the motion to correct errors with greater specificity. Such contention ignores our holding to the contrary in *Kleinrichert* v. *State,* (1973) 260 Ind. 537 at 543, 297 N.E.2d 822.

The verdict of the jury was as follows:

> "We, the jury, find the facts proved are insufficient to convict the defendant of the offense charged and find the defendant, Robert Lee Fultz, guilty of second degree murder."

Absent, was the determination of the sentence upon the second degree murder conviction, as provided by the statute.

It is the defendant's position that the second degree murder verdict is void by reason of its omission of the sentence determination, but this overlooks the dual aspect of a proper verdict in such cases—first the finding of guilty and second the assessment of the penalty. The cases cited by the defendant wherein the verdicts were held void in their entirety can be distinguished from the case at bar.

In *Kolb* v. *State,* (1972) 258 Ind. 469, 282 N.E.2d 541, we held that the misdemeanor verdict was defective in that it contained a finding of guilty but a determination that no penalty be assessed, an apparent incongruity, to say the least. The real issue in that case, however, was the validity of the verdict upon the felony count tried with the misdemeanor count; and we held that it was not affected by the improper misdemeanor verdict. Obviously, there was a certain mootness to the issue upon which we reversed, since any sentence that the jury might have assessed upon the misdemeanor would have been less than that assessed upon the felony verdict, held to be valid, and would have run concurrently with it. The holding in *Kolb,* therefore, should be confined to the circumstances of that case.

In *West* v. *State,* (1950) 228 Ind. 431, 92 N.E.2d 852, the first verdict returned by the jury was defective in that it provided a greater penalty than the statute allowed. The court attempted to have this corrected by the jury, but the

jury had already been discharged. The issue is not analogous to the one before us.

In *Crooks* v. *State,* (1971) 256 Ind. 72, 267 N.E.2d 52, the appellant had been charged with (1) causing a death while driving under the influence of an alcoholic beverage, and (2) driving while under the influence, etc. The penalty for "causing death" was one to five years, while the penalty for "driving" was five days to six months. The jury returned a verdict of guilty upon the driving charge but assessing a penalty of imprisonment for one to five years. We reversed, holding that the verdict could not stand as a conviction upon either charge. Clearly, the verdict in *Crooks* was ambiguous upon its face, the finding being at odds with the penalty assessed. In the case before us, however, the verdict was defective, not because of an ambiguity, but rather it was incomplete. The finding of guilty of murder in the second degree cannot be questioned.

Similarly, in *Martin* v. *State,* (1958) 239 Ind. 174, 154 N.E.2d 714, and *Crotty* v. *State,* (1968) 250 Ind. 312, 236 N.E.2d 47, there was an irregularity in the verdict which rendered it questionable as to which of two charged offenses the finding of guilty was to apply.

In the recent case of *Kelsie* v. *State,* (1976) 265 Ind. 363, 354 N.E.2d 219, one of the errors assigned was that the judge had fixed the sentence rather than the jury, as required by statute. We acknowledged the error but held it to be harmless (Justice DeBruler dissenting) inasmuch as the sentence invoked was the minimum that could have been imposed by the jury. The situation in the case before us differs, however, in that the judge assessed the maximum rather than the minimum penalty. A logical extension of the *Kelsie* holding is to render the error harmless by directing that the sentence be reduced; and we deem such action to be fair both to the defendant and to the State as well as expeditious and, therefore, preferable to the alternative of requiring a new trial.

## ISSUE IV

The evidence of the defendant's guilt consisted of both eyewitness testimony and incriminating circumstances. Much of the identification testimony was subject to criticism as having been exposed to impermissibly suggestive police pre-trial identification procedures. However, except as hereinafter mentioned in sub-division V, it went into evidence without objection. The defendant argues that the identification evidence was not probative, because of the possible taint of police suggestion and that without it there was insufficient evidence of probative value. In this regard, he is in error upon both premises. Whether or not evidence is probative and thus relevant depends upon its tendency to prove an element of the charge. *Walker* v. *State,* (1976) 265 Ind. 8, 349 N.E.2d 161. Its value upon the scales varies with its weight, i.e. the relative logic of the connection and its credibility. Evidence may be excludable for numerous reasons, one being that it has no relevance and another being that it is either devoid of credibility or the gap is so wide that, as a matter of law, it should not be considered. Evidence may be highly relevant by reason of the nexus and yet be inadmissible because of its lack of credibility. Conversely, evidence of the utmost credibility may be excludable because it has no logical nexus. These considerations, however, relate to the admissibility of the evidence and do not restrict the trier of facts in their exclusive domain of assessing the weight and credibility of the evidence properly before it. That much of the identification evidence might have been excluded, if objected to, as being subject to impermissible police suggestiveness—and therefore lacking in reliability or credibility, did not render it non-probative. Being properly in evidence, its weight and credibility were matters for the jury to determine and their determination thereof is not subject to substitution of our own. *Lottie* v. *State,* (1974) 262 Ind. 124, 311 N.E.2d 800; *Brown* v. *State,* (1974) 261

Ind. 619, 308 N.E.2d 699; *Turner* v. *State,* (1972) 259 Ind. 344, 287 N.E.2d 339.

Assuming arguendo that the eyewitness identifications were not probative, there was, nevertheless, sufficient evidence to sustain the verdict. The evidence disclosed that a black male person wearing a long brown overcoat and a black knitted hat entered a shop and committed an armed robbery therein. While the robbery was in progress, a shop clerk notified the police, and they dispatched police officers Borkowski and Molner to the scene. As they arrived at the scene, Borkowski observed another marked police automobile arrive and park in a nearby alley. As he exited from his vehicle, he heard gunshots. He went to the police vehicle in the alley and found the victim, Officer DeRue of the police department fatally wounded. Another witness had seen a young male wearing a brown coat fire a handgun at the occupant of the police vehicle parked in the alley.

Another witness was across the street and did not observe the actual shooting. Upon hearing the shots, however, he turned in the direction of the parked vehicle and observed a black person with a gun and dark coat run north down the alley toward the LaSalle Hotel. Another witness was departing from the LaSalle Hotel and observed a black man running down the alley toward the hotel. The man was approximately six feet tall, which approximated the defendant's height, and was wearing a three-quarter length dark coat and a dark hat. Several of the witnesses testified that the man they saw was carrying a brown paper bag.

Several police officers were summoned and some went to the LaSalle Hotel. There, in a public restroom, two brown paper bags contaning men's clothing were found in a toilet stall. The defendant was found in the hotel dining room wearing a waiter's jacket and falsely professed to be employed there. In the hotel dining room was found a .38 caliber revolver, having the capacity of firing the bullets which caused the police officer's death. A man's brown coat and black hat

were found in the kitchen. Inside the coat pocket was found a receipt acknowledged to belong to the defendant.

The foregoing is but a portion of the probative evidence adduced in the trial. Considerable other evidence was presented, some supporting the verdict and some contrary to it. That hereinbefore related, however, was substantial, probative and supportive of the verdict. Accordingly, the judgment may not be reversed upon the claim of insufficiency. *Sotelo* v. *State,* (1976) 264 Ind. 298, 342 N.E.2d 844; *Murphy* v. *State,* (1976) 265 Ind. 116, 352 N.E.2d 479; *Dragon* v. *State,* (1974) 262 Ind. 394, 316 N.E. 2d 827.

## ISSUE V

Defendant's final assignment asserts that the court erred in admitting evidence that hair specimens taken from a hat found in the LaSalle Hotel had characteristics matching those of hair specimens taken from his head. One basis for the objection was that the evidence reflected that he had been required to wear the hat at the police lineup, giving rise to the possibility that the hair samples taken from the hat may not have been there prior to that time. We agree that from this statement of the record, the evidence should not have been admitted because of its questionable probative value and its tendency to mislead the jury. However, our examination of the record, while disclosing testimony of Officer Radecki supporting the defendant's contention (Transcript p. 2730) also discloses the subsequent testimony of Sgt. Borkowski (Transcript p. 2954) refuting Radecki's statement. The evidence upon that point, therefore, was in conflict; and there was no error in admitting the evidence objected to.

An additional basis for the objection was that the testimony of the expert witness concerning the similarities in the hair specimens was inconclusive, it being admitted that two specimens of hair could be identical in all of the perceptible characteristics and yet not

be from the same person. Evidence need not be conclusive to be relevant. As previously stated, relevance is the logical tendency of evidence to prove a material fact. *Walker* v. *State, supra.* The connection between the evidence and the fact sought to be proved need not be absolute. If the evidence tends to connect the defendant to the crime, it is relevant. The absence of a direct link goes only to the weight and not the admissibility of the evidence. *Swininger & Thomas* v. *State,* (1976) 265 Ind. 136, 352 N.E.2d 473. The evidence being relevant was clearly admissible, and the weight to be accorded to it was for the jury to determine.

We find no reversible error. The cause is remanded with instructions to reduce the sentence upon the second degree murder conviction to imprisonment for an indeterminate period of not less than fifteen (15) nor more than twenty-five (25) years; and in all other respects, the judgment of the trial court is affirmed.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 358 N.E.2d 123.