### Anthony BLEVINS, Appellant–Defendant Below,

### v.

### STATE of Indiana, Appellee–Plaintiff Below.

### No. 45A03–9112–CR–382.

Court of Appeals of Indiana, Third District.

April 27, 1992.

James F. Stanton, Appellate Div., Crown Point, for appellant-defendant below.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff below.

STATON, Judge.

Anthony Blevins appeals his conviction of robbery, a Class B felony.[1] He presents two issues for our review:

I.   Whether the trial court erroneously accepted the guilty verdict after declaring a mistrial.

II.  Whether the trial court erroneously refused Blevins' tendered instruction on the lesser included offense of theft.

Blevins identifies reversible error in the first of these issues.[2]

On the evening of October 31, 1990, City of Gary Police Officers Ben Portis and Angelo Primm observed three youths standing near 47th Avenue and Broadway with their hands raised over their heads. Upon investigation, the officers learned that jackets and hats had been taken from the youths at gunpoint. Blevins and Frederick Rose (detained at the scene by the officers) were identified as the perpetrators. A search of Blevins' automobile yielded a pistol, a sawed-off shotgun and the victims' jackets and hats.

Blevins and Rose were jointly tried for the offense of robbery. The jury began deliberations at approximately 5:00 p.m. on June 21, 1991. At approximately 12:00 a.m. on June 22, the jury foreman indicated that a verdict could not be reached, whereupon Judge Conroy declared a mistrial.[3]

As the bailiff began to escort the jury out of the courtroom, Juror # 111 stated that a verdict had been reached as to one of the co-defendants. Judge Conroy instructed the jury to return to the jury room and complete a verdict form designating the verdict reached as to the individual defendant. The jury returned a verdict form indicating that Blevins was found guilty of robbery.

I.

*Acceptance of Verdict after Mistrial*

Blevins contends that a verdict tendered after the declaration of a mistrial is null and void. We agree. A trial court may, within the exercise of sound discretion, discharge a jury for failure to reach a verdict. *Jones v. State* (1989), Ind., 540 N.E.2d 1228, 1229; *Ayad v. State* (1970), 254 Ind. 430, 431–2, 261 N.E.2d 68, 69, *reh. denied.* Any action of the jury after its discharge is null and void. *West v. State* (1950), 228 Ind. 431, 438, 92 N.E.2d 852, 855.

> "From the moment of its official discharge the jury is released from any further obligations or duties in the case. It may not at any time thereafter be reassembled even on the orders of the judge for the purpose of correcting errors of substance in the verdict or for further deliberation of its verdict. With its official discharge it immediately became functus officio as a jury in the case and anything it did thereafter, even under the orders of the judge was null and void."

*Id.*

At approximately 10:30 p.m. on June 21, 1991, the jury foreman in the instant case informed the trial court that further deliberations would be futile. Juror # 111 contradicted the foreman's statement, where-

---

1.  IND.CODE 35–42–5–1.

2.  We do not address the second of Blevins' issues, as reversal and a new trial are required. Whether an instruction on a lesser included offense is appropriate at Blevins' retrial is dependent upon whether a serious evidentiary dispute is revealed as to whether the lesser offense was committed while the greater was not. *Smedley v. State* (1990), Ind., 561 N.E.2d 776, 781.

3.  Pursuant to Ind.Appellate Rule 7.2(C), Blevins and the State filed a joint affidavit disclosing the events which occurred after the jury retired for deliberations, in the absence of a court reporter.

upon the trial court ordered the jury to continue deliberations. At approximately 12:00 a.m. on June 22, the jury foreman again indicated that a verdict could not be reached. Judge Conroy declared a mistrial *before* Juror # 111 stated that the jury was able to agree on a verdict as to one defendant.[4] The action of the jury subsequent to its discharge was null and void.

A hung jury operates to discharge the operation of double jeopardy. *Young v. State* (1985), Ind., 482 N.E.2d 246, 249. Therefore, we remand for a new trial in this case.

Reversed and remanded for a new trial.

HOFFMAN and SHIELDS, JJ., concur.

---

4. The State agrees that the jury was discharged before the trial court ordered the execution of a verdict form, but relies upon an argument that the *West* decision misconstrues relevant precedent. We have reviewed the decisions cited in *West, supra,* and find the State's argument to be without merit.