Edward ROBINSON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1–1178A320.

Court of Appeals of Indiana, First District.

May 22, 1979.

McNeely & Sanders, Mark W. McNeely, Shelbyville, for appellant.

Theodore L. Sendak, Atty. Gen., Elmer Lloyd Whitmer, Deputy Atty. Gen., Indianapolis, for appellee.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Defendant Edward Robinson appeals his conviction of and sentence for uttering a forged prescription under Ind.Code 16–6–8–3(f)(5) (Supp.1977). He alleges numerous errors by the trial court occurring prior to and during the trial.

## STATEMENT OF THE FACTS

Edward Robinson was charged by information on September 14, 1977, with "Uttering a Forged Prescription for Legend Drugs" under Ind.Code 16–6–8–3(f)(5) (Supp.1977) on or about September 12, 1977. On October 24, 1977, Robinson moved for a speedy trial pursuant to Ind. Rules of Procedure, Criminal Rule 4(B). Trial was set for December 7, 1977. On December 7, the trial court on its own motion continued the trial and reset it for December 27. On December 27, the court granted the State's motion for bifurcated trial. The jury was selected and sworn. The State then moved for continuance, and the court granted the motion and continued the trial until January 10, 1978, upon finding that the business of the court did not permit resumption of the trial until that date.

Opening statements were made and the State began to present its evidence on January 10. On January 12 the jury returned a verdict of guilty. On January 24, a sentencing hearing was held, and evidence on the question of penalty was submitted to the jury. The jury determined that Robinson should be imprisoned for five years and fined $1.00, and the court entered an order of commitment.

## ISSUES

Robinson raises the following issues, which we have restated and rearranged somewhat in order to address them more meaningfully:

1. Whether or not Robinson was denied a speedy trial.

2. Whether or not the trial court erred in granting the State's motion for a bifurcated trial on the questions of guilt and penalty.

3. Whether or not the trial court gave proper verdict forms to the jury.

4. Whether or not the trial court erred in admitting evidence of a separate crime.

5. Whether or not the trial court erred in admitting evidence offered to prove that the drugs named in the prescription were "legend drugs."

6. Whether or not it was error to bring Robinson into the presence of the jury in handcuffs.

7. Whether or not the trial court erred in permitting the introduction and exhibition to the jury of an amended presentence report.

8. Whether or not the trial court erred in substituting an alternate juror in the second part of the bifurcated trial for a juror who had participated in the deliberations in the first part of the trial.

## DISCUSSION AND DECISION

*Issue One*

Robinson asserts that the trial court erred in overruling his objection and motion to dismiss when, on December 27, 1977, the State filed its motion for continuance. Robinson argues that because he made his motion for a speedy trial under Ind. Rules of Procedure, Criminal Rule 4, on October 24, 1977, it was improper for the trial court to continue the trial until January 10, 1978, which was outside the 70 day limit of C.R. 4(B)(1). He maintains that the continuance was granted for some reason other than congestion of the court calendar or any

other valid reason. He further argues that under C.R. 4(A), the prosecutor is required to file a motion for continuance due to congestion of the court calendar at least 10 days prior to the trial date, unless he can show that the delay in filing was not his fault.

We think that Robinson has misread C.R. 4(B)(1), which provides:

"(B) Defendant in jail—Motion for early trial. (1) If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged *if not brought to trial within seventy (70) calendar days* from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, That in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule." (Our emphasis)

It is clear that the rule only requires that the defendant be "brought to trial" within the time limitation. Robinson admits in his brief that the State moved for a continuance *after* the jury was selected and sworn. On the analogous question of when double jeopardy attaches, Judge Sharp said in *Crim v. State,* 156 Ind.App. 66, 75, 294 N.E.2d 822, 828:

\* \* \* \* \* \*

It is elementary under both the Indiana and Federal Constitutions and cases that jeopardy attaches when a *criminal trial commences* before a judge or jury and this point has arrived *when a jury has*

been selected and sworn even though no evidence has been taken. . . ." (Citations omitted) (Our emphasis)

We hold that Robinson was "brought to trial" within the meaning of C.R. 4(B)(1) when the jury was selected and sworn and that the State's motion for a continuance after that point was not controlled by C.R. 4(B)(1).

### Issue Two

■ Robinson contends that the trial court's granting of the State's motion for a bifurcated trial was prejudicial and contrary to law. We can find no indication in the record that Robinson objected at the time the State moved for a bifurcated trial, prior to voir dire. Later, at the sentencing hearing, counsel for Robinson referred, in passing, to *Grzesiowski v. State,* (1976) Ind. App., 343 N.E.2d 305, a case which Robinson contends in his brief implies that bifurcated trials are improper. In order for an appellate court to review an alleged error of law, an objection must have been timely made at trial; generally, the objection must have been made at the earliest opportunity. *Johnson v. State,* (1972) 257 Ind. 682, 278 N.E.2d 577. Furthermore, Robinson does not allege any particular way in which he was prejudiced by the bifurcated trial per se. Even assuming that the mere citation to *Grzesiowski, supra,* would otherwise have been enough to preserve the issue for appeal, we hold that Robinson waived any challenge to the bifurcated trial as such by failing to object to the State's motion for a bifurcated trial.

### Issue Three

■ Robinson maintains that former Ind. Code 35–8–2–1[1] required the jury, when it

1. "35–8–2–1 Fines and punishment; assessment

    Sec. 1. When the defendant is found guilty the jury, except in the cases provided for, in the next two sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; when the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess

the amount of fine and fix the punishment to be inflicted. . . ."

Repealed by Act of February 25, 1976, Pub. L.No. 148, § 24, effective October 1, 1977, under Act of April 12, 1977, Pub.L.No. 340, § 151, but preserved by § 150 of Pub.L.No. 340 with regard to criminal liabilities accruing and criminal proceedings begun before October 1, 1977. Robinson was charged by information on Sep-

found a defendant guilty, to state both the finding of guilt and the penalty to be imposed in the same verdict form. In Robinson's bifurcated trial, the jury was first given verdict forms which provided only for a finding of guilty or not guilty. After the jury found Robinson guilty, it was allowed to hear more evidence on the question of penalty, and then the court gave it another verdict form in which the sentence and fine were to be inserted.

We think that the verdict forms were closely related to the bifurcated nature of the trial in that the only apparent reason for giving the jury separate forms was that the trial court intended for the jury to decide the questions of guilt and penalty separately. It is true that the trial court refused the verdict form which Robinson tendered at the close of the first part of the trial, and gave its own form instead. However, at that point it was too late to effectively object to the separate verdict forms, because the decision to bifurcate the trial had been made at the outset, and the State had already rested its case in the first part of the trial. The separate verdict forms were logical concomitants of the bifurcated trial. As we noted before, to be timely an objection generally must be made at the earliest opportunity. *Johnson v. State, supra.* Consequently, the issue of the separate verdict forms was raised too late to permit us to review it, and that issue has, therefore, been waived.

*Issue Four*

██ Robinson contends that certain testimony of a pharmacist tending to prove a crime separate and distinct from the one with which he was charged was inadmissible, because it did not fall within any exception to the rule prohibiting introduction of evidence of other crimes.

We note that in the portion of the transcript to which Robinson directs our attention, there is no indication that any objection was raised while the pharmacist was testifying. In order to preserve for appeal a question regarding the admissibility of evidence, a defendant must have objected to the admission of that evidence at trial. *Langley v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538. Consequently, Robinson waived this issue by not making a timely objection at trial.

*Issue Five*

██ ██ Robinson argues here that the trial court erred in overruling his objection to the admission into evidence of a physician's desk reference book for the purpose of proving that the drugs which he allegedly tried to obtain by a forged prescription were "legend drugs." He further argues that although the desk reference book was introduced into evidence, certain "package inserts" concerning the drugs, which were not introduced into evidence, were shown to the jury instead of the desk reference book itself.

We note, first of all, that Robinson's brief does not contain references to pages in the record where either the evidence complained of or his objections to it can be found, thus violating Ind. Rules of Procedure, Appellate Rule 8.3(A)(5) and (7), and making the task of deciding this issue more difficult. In *State v. Lenox,* (1968) 250 Ind. 482, 237 N.E.2d 248, the appellant argued that the trial court erred in not striking the testimony of a certain witness. The Supreme Court found that under former Supreme Court Rule 2–17, the appellant had waived the error by failing to state the page and line in the record where the testimony could be found.

Secondly, even if Robinson has not thereby waived this issue, Jury Instruction No. 20, as the State points out, explained that it was not necessary to prove that the drugs in question were legend drugs in order to prove that the offense had been committed. Robinson mentioned in the statement of facts in his brief that he objected to Instruction No. 20, but he has failed to set out

tember 14, 1977. Ind.Code 35–50–1–1, effective October 1, 1977, provides that the court, rather than the jury, shall sentence a convicted person.

verbatim the instruction and his objection as required by A.R. 8.3(A)(7). Moreover, although Robinson assumed in his argument that proof that the drugs were legend drugs was a material element of the crime, he did not expressly contend that the court's Instruction No. 20 was incorrect. Such a challenge is a prerequisite to challenging the admissibility of or the manner of introducing the evidence complained of here: if the State need not prove that the drugs were legend drugs, then any errors in the admission of evidence to prove that these were legend drugs would be harmless.

Finally, we hold that the trial court correctly instructed that proof that the drugs were legend drugs is not a necessary element of the offense charged. The specific statutory subsection under which Robinson was charged, IC 16–6–8–3(f)(5) (Supp. 1977)[2] does not mention legend drugs. It is true that other subsections of that statute refer expressly to legend drugs, but we find no argument in Robinson's brief on that point. Thus, we are compelled to read IC 16–6–8–3(f)(5) (Supp.1977) literally and to refrain from construing that subsection to require that the drugs be legend drugs.

We now hold that there was no reversible error in the admission of or manner of introducing the evidence complained of by Robinson.

*Issue Six*

▪ Robinson alleges that during the trial he was brought into the courtroom in handcuffs on numerous occasions. He argues that this inflamed the minds of the jurors and was so prejudicial to him that he was denied a fair trial. However, at no place in Robinson's brief can we find a citation to any page of the record which would indicate that Robinson was in fact brought before the jury in handcuffs or

that he objected at that time. This court will not search the record page by page, line by line to find support for an appellant's specification of error or to determine whether or not he properly raised the error at trial. Robinson's failure to refer us to any relevant part of the record constitutes a waiver of this issue. A.R. 8.3(A)(5) and (7); *State v. Lenox, supra.*

*Issue Seven*[3]

▪ Counsel for Robinson objected before and during the second part of the trial to the introduction into evidence and exhibition to the jury of an amended presentence report prepared by the probation officer. The objection was overruled and the presentence report was submitted to the jury as evidence to be considered in determining the penalty for Robinson. Robinson contends that the presentence report was confidential information under Ind.Code 35–4.1–4–14 and that he gave no authorization for the jury to see the report. He further argues that because cases such as *Pulliam v. State,* (1976) 264 Ind. 381, 345 N.E.2d 229, hold that it is not error to allow the jury to determine a defendant's punishment without the aid of a presentence report, it follows that it is reversible error to allow the jury to have a presentence report.

The General Assembly has, indeed, placed strict limitations upon the use of presentence reports in IC 35–4.1–4–14, which reads as follows:

"35–4.1–4–14   Confidentiality of presentence reports and memoranda

Sec. 14.   Confidentiality of presentence reports and memoranda. Any presentence reports or memoranda submitted to the court and the report of a physical or mental examination submitted to the court in connection with sentenc-

---

**2.** "16–6–8–3 Unlawful acts; exceptions

Sec. 3.   The following acts or the failure to act, and the causing of any such act or failure are unlawful except as provided in IC 16–6–8–4:

\*   \*   \*   \*   \*   \*

(f) It is unlawful to: . . .

\*   \*   \*   \*   \*   \*

(5) make or utter any false or forged prescription or false drug order or forged written order. \*   \*   \*"

**3.** This issue was argued in Robinson's brief as part of his challenge to the bifurcated trial. We find it to have independent significance, however, so we are addressing it separately for the sake of convenience and clarity.

ing shall be confidential and shall not be made available to any person or public or private agency other than the convicted person and his counsel and the prosecuting attorney except where specifically required or permitted by statute or upon specific authorization by the court and the convicted person. . . ."

It is clear that the legislature intended that no one other than the court, the defendant, his attorney, and the prosecutor is to have access to the presentence report unless either a statute or both the defendant and the court expressly authorize another person to obtain the report. No reasonable construction of this section would permit the jury to consider a presentence report without statutory or consensual authorization.

The only statute cited by the State as prescribing a specific use of presentence reports is Ind.Code 35–4.1–4–3 (Supp.1977).[4] That statute provides that the *court* must include a copy of the presentence report in its record of the sentencing hearing. It does *not* authorize the *jury* to consider the presentence report. The State has not argued that Robinson himself expressly authorized the jury to see the report.

In *Pulliam, supra,* the defendants appealed their convictions on the ground that the jury should have had the aid of a presentence report in determining the sentences for the defendants. The Supreme Court ultimately held: "[A] defendant has no inherent right to have a presentence report considered prior to his sentencing. This is a privilege which the Legislature has granted defendants tried before a judge and which

it has necessarily denied those defendants tried before a jury." 264 Ind. at 399, 345 N.E.2d at 242. Admittedly, the situation in the case at bar is different from that in *Pulliam* in that Robinson objected to the jury's consideration of the presentence report, whereas the defendants in *Pulliam* apparently wanted the jury to see a presentence report. However, with reference to Ind.Code 35–4.1–4–9 [5] [cited in the opinion as Ind.Code § 35–8–1A–9 (Burns 1975)], Justice Arterburn wrote: "With the statement of the Appellant that the presentence report statute has no application in jury trials we must agree." 264 Ind. at 397, 345 N.E.2d at 241. This pronouncement would not seem to be limited in its applicability to the facts in *Pulliam.* Furthermore, Ind. Code 35–4.1–4–10 contains a lengthy list of the kinds of information to be gathered in the presentence investigation, and Justice Arterburn noted that some of that information would be hearsay. *Pulliam, supra.*

In *Colvin v. State,* (1976) 264 Ind. 514, 346 N.E.2d 737, *cert. denied,* (1977) 429 U.S. 1049, 97 S.Ct. 760, 50 L.Ed.2d 765, the defendant contended that the requirement that the jury sentence him deprived him of the benefit of a presentence investigation and, consequently, denied him the equal protection of the laws. In the course of his response to this argument, Justice Arterburn said flatly, "Ind.Code § 35–8–1A–9 (Burns 1975) provides that no defendant shall be sentenced before a written presentence report is considered by the sentencing court. No presentence report is considered prior to sentencing, however, when the sentence is fixed by a jury." 264 Ind. at 520, 346 N.E.2d at 740.

4. "35–4.1–4–3 Sentencing hearing

\* \* \* \* \* \*

    Sec. 3. Sentencing Hearing. Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present information in his own behalf. The court shall make a record of the hearing, including:
(1) a transcript of the hearing;
(2) a copy of the presentence report; and

(3) a statement of the court's reasons for selecting the sentence that it imposes. \* \*"

5. "35–4.1–4–9 Requirement of presentence report

    Sec. 9. Requirement of presentence report. No defendant convicted of a felony shall be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court. Delay of sentence to await a presentence report does not constitute an indefinite postponement or suspension of sentence. . . ."

The Supreme Court held in *Feggins v. State,* (1977) 265 Ind. 674, 359 N.E.2d 517, that the trial court improperly instructed and the prosecutor improperly argued that a convicted defendant would serve less time than that to which the jury sentenced him. Although that particular issue is not before us here, we note with interest a portion of Justice DeBruler's discussion on that point:

". . . The Legislature, whose responsibility and prerogative it is to assign penalties to crimes, *Lowe v. State,* (1973) 260 Ind. 610, 298 N.E.2d 421, has provided that juries should have discretion in fixing penalties in certain offenses. The jury is not, however, allowed full access to information regarding the defendant's social, economic, educational, and criminal background, such as is required to be contained in the pre-sentence report considered by the trial court when it must set the sentence, Ind.Code § 35–4.1–4–9, –10 (West 1976); Ind.Code Ann. § 35–8–1A–9, –10 (Burns 1975). Therefore we must conclude that the Legislature intended the jury to consider the aggravating or mitigating circumstances of the crime, and not the personal characteristics of the offender, in assessing punishment in such cases. * * *"

265 Ind. at 684, 359 N.E.2d 517, 523.

Although we can find no case in which either the Supreme Court or the Court of Appeals has had to face directly the question of whether or not the submission of a presentence report to the jury over the defendant's objection is reversible error, we have determined that the Supreme Court's comments in cases such as *Pulliam, Colvin,* and *Feggins, supra,* indicate that it would find such a practice improper. It is apparent from those cases that IC 35–4.1–4–9 was intended to apply only to cases in which the trial court determines the penalty. Furthermore, the statutory confidentiality requirements of IC 35–4.1–4–14 prohibit a trial court from making a presentence report available to anyone but the defendant, his attorney, and the prosecuting attorney without either statutory authorization or the consent of the defendant. Errors in sentencing procedure, *Beasley v. State,*

(1977) Ind., 370 N.E.2d 360, or in the sentence itself, *Kleinrichert v. State,* (1973) 260 Ind. 537, 297 N.E.2d 822, have been held by our Supreme Court to be fundamental errors. We believe that allowing the jury to consider the amended presentence report during the second part of the trial was fundamental error as well.

### Issue Eight

Robinson argues here that it was error to order an alternate juror, who had heard the evidence in the first part of the trial but who had not participated in the deliberations on the question of guilt or innocence, to substitute for one of the original jurors in the second part of the trial, dealing with the question of penalty.

We need not decide this issue inasmuch as we have already held the second part of the bifurcated trial to be fatally defective because the jury was permitted to examine the amended presentence report.

### CONCLUSION

■ We have found no reversible error in the first part of the bifurcated trial, in which the jury found Robinson guilty as charged. However, we have found fundamental error in the second part of the trial in that the amended presentence report was given to the jury to be considered in the determination of the penalty to be imposed upon Robinson. Thus, we have a situation in which the finding of guilt was proper but the procedure for setting the penalty was fundamentally erroneous.

We do not find it necessary to reverse Robinson's conviction, however. In both *Beasley, supra,* and *Fultz v. State,* (1976) 265 Ind. 626, 358 N.E.2d 123, the judge imposed a sentence upon the defendant after the jury had found him guilty, contrary to a statutory requirement that the jury assess the penalty. The Supreme Court decided in both cases that the error could be rendered harmless by simply reducing the penalty to the minimum permitted under the relevant statute. Justice Prentice, writing for the court in *Fultz, supra,* ex-

plained this remedial device as follows: "[W]e deem such action to be fair both to the defendant and to the State as well as expeditious and, therefore, preferable to the alternative of requiring a new trial." 265 Ind. at 631, 358 N.E.2d at 126. Such a remedial measure would work well in the case at bar.

Consequently, we remand this cause with instructions to reduce Robinson's penalty for uttering a forged prescription to one (1) year in the state prison and zero dollars ($0.00) fine, pursuant to Ind.Code 16–6–8–10 as it provided prior to its 1978 amendment. In all other respects, the judgment of the trial court is affirmed.

LYBROOK and ROBERTSON, JJ., concur.