**Jack ZAMBRANA, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 284S56.

Supreme Court of Indiana.

Oct. 3, 1985.

John R. Kouris, John D. Breclaw & Associates, Griffith, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) appeals his convictions by a jury of two counts of unlawful delivery of cocaine in amounts less than three grams, class B felonies, Ind.Code § 35–48–4–1 (Burns Code Ed.1979.) Zambrana was sentenced to twelve (12) years imprisonment on each count, said sentences to run concurrently.

Defendant challenges the sufficiency of the evidence supporting these convictions. He also argues the trial court abused its discretion by denying a joint motion for a continuance that was made after trial had begun.

We affirm.

### ISSUE I

Our standard of review for sufficiency issues is familiar:

Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and reasonable inferences to be drawn therefrom. If the existance of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses. (Citations omitted.)

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Defendant contends that the State's principal witness, an undercover police officer, made a tainted identification of him at trial. The Defendant also argues other officers who accompanied the investigating officer

were unable to view the drug transactions and, therefore, were unable to substantiate that officer's testimony.

The evidence favorable to the State reveals the Gary police department was conducting an investigation of narcotics transactions that were occurring at a residence located at 465 Wheeler Street in Gary. The investigation consisted of surveillance and purchases of cocaine by undercover police officers and confidential informants.

After an initial purchase from a person named Victor on March 14, 1983, Detective Andrew Jury returned to the residence with an informant on March 17 at approximately 7:00 p.m. The Defendant answered the door. When Detective Jury inquired about Victor, the Defendant told him Victor was not there. The officer told Defendant that he wanted to "cop some coke." The Defendant opened a door, stepped onto the front porch of the residence and introduced himself as "Jack." Detective Jury told him that he wanted to purchase $25.00 worth of cocaine, and Defendant responded that he had that much cocaine with him. Jury gave the Defendant $25.00 and, in turn, received a tin foil package, and Defendant told Jury to deal with him in the future. A subsequent laboratory analysis of the substance in the aforementioned package disclosed that the substance was cocaine.

On March 20, 1983, Detective Jury and the aforementioned informant, returned to the house to make another cocaine purchase. A young man answered the door and, in response to their inquiry, told them "Jack" was next door. The officer and informant went to a building next to the residence and entered. They went up a stairway and found the Defendant watching a cock fight. Jury told Defendant that he wanted to buy $25.00 worth of cocaine, and Defendant told him to go back to the house and to wait for him. The officer followed his directions. Shortly thereafter, Defendant returned to the house and asked Jury and the informant what they wanted. Again, Jury told him that he wanted $25.00 worth of cocaine. Defendant said, "O.K." and went into the house. From the porch,

Detective Jury observed the Defendant as he went into the living room of the house and talked with a woman. Defendant returned to the porch, received $25.00 from Jury and gave him a tin foil package. The officer and informant returned to their car and left the scene. Another officer, Detective Candiano, was waiting in the car. He had observed the transaction and he identified Defendant at trial. As in the earlier transaction, a laboratory analysis of the substance in the second package disclosed it to be cocaine.

Defendant argues that Detective Jury did not have an adequate opportunity to view him during the drug transactions and that the officer would have been unable to identify him at trial from the observations then occasioned. He claims that the officer was able to identify him only because of subsequent meetings that involved the Defendant, his attorney and Jury. Defendant was cooperative with the police in anticipation of receiving some assistance on another pending charge, and he contends that it was only by reason of Jury's observations of him for extended periods of time in good lighting during meetings at which he was giving such aid that Jury was able to identify him.

██ Defendant has not provided us with any authority to support his argument. Clearly this situation is not analogous to an unduly suggestive line-up or photographic display of suspects. E.g., *Henson v. State* (1984), Ind., 467 N.E.2d 750. (Criteria for an unduly suggestive photographic array.); *Gillie v. State* (1984), Ind., 465 N.E.2d 1380 (criteria for an unduly suggestive line-up.) Indeed, Defendant concedes that he voluntarily requested and participated in the post-crime meetings with Detective Jury. We note that he was accompanied by counsel at such meetings. His actions are analogous to the making of voluntary statements by suspects, after crimes have been committed. E.g., *Chambers v. State* (1979), 271 Ind. 357, 392 N.E.2d 1156 (criteria for a voluntary statement.) Obviously such statements may be used against a defendant. Id.

■ Absent any "taint" attaching to Detective Jury's testimony, the circumstances surrounding his observations of the Defendant bear only upon the weight and credibility of his testimony. *Williams v. State* (1978), 267 Ind. 700, 373 N.E.2d 142. We will not reweigh Detective Jury's testimony or judge his credibility. *Loyd v. State, supra.* His testimony coupled with the laboratory analysis of the substances that were sold to him is sufficient to sustain the Defendant's convictions.

### ISSUE II

Defendant asserts that the trial court abused its discretion by denying a motion for a continuance. The motion was made by his attorney and the prosecutor, jointly, after jury selection had been completed. They requested a four-month continuance for the following reasons:

"1. Both the State and the defendant believe that if the continuance is granted, the interests of justice will be better served;

2. Both parties feel that if said continuance is granted, the substantial rights of neither party will not (sic) be prejudiced."

Record at p. 150.

■ When a motion for a continuance is based upon non-statutory grounds, a trial court's denial of this motion may only be reviewed for an abuse of discretion. *Fielden v. State* (1982), Ind., 437 N.E.2d 986, 987. In order to show an abuse of discretion, the defendant must show that he was prejudiced by the trial court's ruling. *Id.*

Defendant concedes that the motion was made upon non-statutory grounds. He argues, however, that he was prejudiced by the denial for two reasons: 1) He was denied a meaningful opportunity to plea bargain; and, 2) Detective Jury was afforded additional opportunities to observe him and reinforce his identification.

■ These arguments are specious. Defendant was arrested and retained counsel in March, 1983, and trial did not begin until August 17, 1983. The interval was ample time for plea negotiations. We also note that neither party informed the court that a plea agreement was pending. Defendant's real bone of contention is his disappointment in his failure to reach a plea agreement, after attempting to assist the police. His disappointment is understandable, but it is not grounds for reversal. We are aware of no right of an accused to negotiate a plea bargain.

Defendant was not entitled to a continuance as a matter of right. Additionally, although he may have lost an opportunity to plea bargain, there has been no showing, or claim, that his defense was prejudiced.

■ Defendant also appears to argue that he was prejudiced in that the State's position on identification of him was improved by reason of his previous cooperative efforts. However, if his position was thusly jeopardized, it resulted not from the denial of a continuance but by his own abortive efforts to induce plea negotiations.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.