**Bobby R. COLLINS,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1085A254.**

Court of Appeals of Indiana,
First District.

April 28, 1986.

Michael J. McDaniel, New Albany, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Bobby R. Collins appeals his conviction of driving while intoxicated, a class A misdemeanor,[1] driving while intoxicated, a class D felony,[2] and operating a motor vehicle with .10% or more by weight of alcohol in his bloodstream, a class C misdemeanor.[3] We affirm in part and remand for correction of judgment and sentence.

## FACTS

About 1:30 A.M. on February 2, 1985, Indiana State Police Officer James Bube stopped Collins because there were no rear lights in operation on Collin's pick-up truck. He detected a strong odor of alcohol emanating from the truck when Collins rolled down the window, observed Collins's eyes were bloodshot, his speech was slurred, and Collins was extremely talkative. Collins admitted some drinking. Taken to the nearby sheriff's office, Collins was unable to complete satisfactorily the finger-to-nose test with either hand, and did not properly perform the walking heel to toe along a white line test. A breathalyzer test was administered by Trooper Bube, a qualified operator, about twenty minutes after the initial stop, and revealed Collins's blood alcohol to be .12%.

## ISSUES

Collins raises but a single issue that being the sufficiency of the evidence to sustain the verdicts.

We *sua sponte* raise the issues of the propriety of convicting and sentencing Collins on all three charges.

1. Indiana Code section 9–11–2–2.

2. Indiana Code section 9–11–2–3.

## DISCUSSION AND DECISION

*Issue One*

In reviewing the sufficiency of the evidence to sustain a conviction we neither weigh the evidence nor judge credibility of witnesses. Rather, we consider only the evidence favorable to the verdict, together with all reasonable inferences flowing therefrom, and if there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Zambrana v. State* (1985), Ind., 483 N.E.2d 59; *Staggers v. State* (1985), Ind., 477 N.E.2d 539.

In the light of our standard of review, Collins's argument of insufficiency of the evidence borders upon the absurd. In *Husk v. State* (1985), Ind.App., 476 N.E.2d 149, evidence that there was a moderate odor of alcohol on the defendant's breath, that he was unable to complete dexterity tests, that his blood alcohol level was .11%, and that he admitted drinking was held sufficient to sustain a conviction for driving while intoxicated. Evidence a defendant seemed incoherent, was glassy-eyed, slurred his speech, smelled of alcohol, and failed field tests for sobriety was sufficient to sustain a conviction for driving while intoxicated. *Garland v. State* (1983), Ind. App., 452 N.E.2d 1021. Likewise, the evidence here was sufficient. Collins's offered explanations that he suffered from a speech defect and poor coordination, and that a friend had spilled beer in his truck merely are invitations for us to re-weigh the evidence, a task we may not perform.

*Issue Two*

The trial court entered judgment of conviction and separate sentences upon each of the three counts: Count I, driving while intoxicated, a class A misdemeanor; Count II, driving with a blood alcohol content of .10% or more; and Count III, driving

3. Indiana Code section 9–11–2–1.

while intoxicated, a class D felony. This was improper.

 Driving with a blood alcohol content of .10% or more, as prohibited by Ind.Code § 9–11–2–1, is a lesser included offense of driving while intoxicated as prohibited by Ind.Code § 9–11–2–2, and convictions of both cannot stand. *Sering v. State* (1986), Ind.App., 488 N.E.2d 369 (Buchanan, C.J., dissenting). Further, Ind.Code § 9–11–2–3 does not create a separate offense of driving while intoxicated as a class D felony, but merely enhances the offense from a class A misdemeanor to a class D felony if the defendant has a prior conviction of the same offense within the immediately preceding five (5) year period. *Smith v. State* (1983), Ind.App., 451 N.E.2d 57.[4] The evidence clearly established that Collins had a prior conviction sufficient to bring the charge within the purview of Ind.Code § 9–11–2–3, thereby enhancing the offense to a class D felony, and the jury so found. Therefore, we affirm the conviction of driving while intoxicated as a class D felony. Because Collins's conviction of driving while intoxicated was properly enhanced to that of a class D felony, the separate judgment of conviction and sentence as a class A misdemeanor cannot stand. Neither can the conviction and sentence for driving with a blood alcohol content of .10% be permitted to stand.

Therefore, while we affirm the conviction of driving while intoxicated as a class D felony, we must remand to the trial court to vacate the separate conviction and sentence for driving while intoxicated as a class A misdemeanor, and the conviction and sentence for driving with a blood alcohol content of .10% or more, and for correction of the sentence to enter judgment of conviction and appropriate sentence only

for driving while intoxicated as a class D felony.

ROBERTSON, P.J., and NEAL, J., concur.

---

4. The relevant statutory provisions are:
"Ind.Code Ann. § 9–11–2–1 (Burns Supp.1985) 'A person who operates a vehicle with ten-hundredths percent (.10%), or more by weight of alcohol in his blood commits a class C misdemeanor.'
"Ind.Code Ann. § 9–11–2–2 (Burns Supp.1985) 'A person who operates a vehicle while intoxicated commits a class A misdemeanor.'

"Ind.Code Ann. § 9–11–2–3 (Burns Supp.1985) 'A person who violates section 1 or section 2 of this chapter commits a class D felony if:
   1) he has a previous conviction of operating while intoxicated; and
   2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or section 2 of this chapter.'"