**Gregory A. McINCHAK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 18A04–9005–CR–247.

Court of Appeals of Indiana, Fourth District.

Oct. 9, 1990.

1. IND.CODE 9–11–2–3.

Bruce N. Munson, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Gregory A. McInchak, appeals his convictions for Operating a Vehicle while Intoxicated (class A misdemeanor), and Operating a Vehicle with .10% or Greater Blood Alcohol Content (class C misdemeanor). We affirm in part, and vacate and remand in part.

### Issues

Defendant presents one (1) issue for our review, which we restate as follows:

Whether there was sufficient evidence to prove that Defendant "operated" a vehicle in violation of Ind.Code 9–11–2–1 and 9–11–2–2.

In addition, we raise *sua sponte* the issue of whether it was proper to convict and sentence the Defendant on *both* charges.

### Facts and Procedural History

On April 8, 1989, Phillip Young (Young) was an employee of the Burger King located at 2710 North Wheeling Avenue in Muncie, Indiana. His job that night was to take orders over the speaker for the "drive-thru" lane. At approximately 2:00 a.m., the line for the "drive-thru" was backed-up, and when no one responded to his question —"Can we take your order?"—Young went outside to investigate. Once outside, he observed two (2) men asleep in a van, which was parked near the speaker with its engine running. Pursuant to safety procedures, Young went back inside and called the police.

The first officer to arrive at the scene was Sergeant James Gilliam (Gilliam) of the Muncie Police Department. He approached the van and tried to wake-up the person behind the wheel—the Defendant. At about this time, Officer John Kowalski (Kowalski) and Officer Steve Stewart (Stewart) arrived to assist Sergeant Gilliam. They had some difficulty getting Defendant to wake-up, and "finally had to take him out of the [van] and stand him on his feet to get him awake." There was a strong odor of alcohol on his breath and person, his speech was slurred, his eyes were "heavy," and he had trouble focusing on the officers and understanding what they were saying. Defendant also had difficulty standing upright without support from Sergeant Gilliam and Officer Kowalski. Defendant eventually managed to get his driver's license out of his wallet and to the officers.

The officers then proceeded to the other side of the van to wake-up the passenger—Dave Hale (Hale). Once awake, Hale became belligerent, "put up quite a fight," and "had to be subdued." Hale was cheered-on in his confrontation with the officers by Defendant, who was "very agitated and was yelling for [Hale] to kick and hit [the officers]." Thereafter, Defendant submitted to an intoxilyzer test which

revealed his blood alcohol content was .17%.

On April 10, 1989, the Delaware County Prosecutor's Office filed an Information, which charged Defendant in part with Operating a Vehicle while Intoxicated (class A misdemeanor) and Operating a Vehicle with .10% or Greater Blood Alcohol Content (class C misdemeanor). Defendant was found guilty as to these charges at the conclusion of a bench trial on January 16, 1990.

## Discussion and Decision

### I

■ Defendant claims that the evidence at trial—that he was found intoxicated and asleep behind the wheel of a van parked with its engine running in the "drive-thru" lane at Burger King—was insufficient to support his conviction. He argues that the State "failed to prove beyond a reasonable doubt that [he] was operating a vehicle while intoxicated." In this regard, Defendant cites his own testimony at trial that his companion had driven the van to Burger King (they allegedly switched seats once there), as well as the lapse of time between his consumption of the alcohol and when he took the intoxilyzer test.

The law is well-established that a court reviewing the sufficiency of the evidence will neither reweigh the evidence nor judge the credibility of witnesses. We consider only the evidence most favorable to the verdict, together with all reasonable inferences to be drawn therefrom, and if there is evidence of probative value to support the verdict, it will not be disturbed. *O'Connor v. State* (1988), Ind., 529 N.E.2d 331, 332; *Clark v. State* (1987), Ind.App., 512 N.E.2d 223, 227.

■ With respect to Defendant's claim that he switched seats with Hale after arriving at Burger King, we note that his testimony here was somewhat equivocal. Defendant first stated on direct that Hale had driven the van to Burger King, that upon arrival they had gone to the bathroom there, and that upon returning to the van they had switched seats. But on cross-examination Defendant indicated that they did not use the restroom in the Burger King. As this was a bench trial, weighing the evidence and judging the credibility of the witnesses was a matter for the trial court as the trier of fact. As noted in *Ryle v. State* (1990), Ind.App., 549 N.E.2d 81, 83, *trans. denied,* the weight and credit afforded a witness' testimony and the resolution of the conflicts and inconsistencies within that testimony is exclusively the function of the fact finder and one with which this court will not interfere. *See also, Shippen v. State* (1985), Ind., 477 N.E.2d 903, 904. Simply stated, Defendant's testimony on this subject did *not* raise a reasonable doubt about whether he "operated" the vehicle in question.

Defendant next argues that even if he did "operate" the van there was reasonable doubt that he operated it while intoxicated because "[t]he record does not reveal the length of time between [his] consumption of alcohol and his being discovered and subsequently tested for blood alcohol content." While there is no direct evidence in the record of when he last consumed alcohol that evening, the testimony at trial supports the inference that it was shortly before he was arrested. Defendant testified that "we went out and had a few drinks and, ah-h, we were going home … [when] we pulled over in the Burger King." The testimony at trial also showed that Burger King was "busy that night," and the line for the "drive-thru" lane was backed-up at approximately 2:00 a.m. The officers arrived at the scene a few minutes later, and the intoxilyzer test was administered at 2:41 a.m., showing a blood alcohol content of .17%. There was no reasonable doubt here to defeat the conviction.

Defendant also claims that this case "closely resembles" the cases of *Hiegel v. State* (1989), Ind.App., 538 N.E.2d 265, *trans. denied,* and *Corl v. State* (1989), Ind.App., 544 N.E.2d 211. We disagree. In both *Hiegel* and *Corl,* the defendants were found asleep (and intoxicated) in vehicles that were parked in parking lots outside of taverns, with their lights on and engines running. The convictions there were reversed because there was no evidence to support even an inference that the

defendants had "operated" the vehicles. As noted by this court in *Hiegel:*

> There must be some direct or circumstantial evidence to show the defendant operated the vehicle. There is no inference present in this case that [the defendant] operated his vehicle while intoxicated. Thus, the State has not satisfied the burden of proving the defendant guilty beyond a reasonable doubt of operating his vehicle while intoxicated.

538 N.E.2d at 268.

. In the present case, Defendant was found asleep behind the wheel of a van waiting in line near the speaker of the "drive-thru" lane at Burger King. Young testified at trial that the line was backed-up, and that he went outside to check when there was no response to his question— "Can we take your order?" Clearly, these facts distinguish the present case from *Hiegel* and *Corl.* There *is* an inference here that Defendant had recently operated the vehicle while intoxicated. The intoxilyzer test indicated his blood alcohol content was .17%. Defendant also testified that they had just had a few drinks and were going home when they stopped at Burger King. We hold the evidence sufficient.

## II

 We next address the issue of whether it was proper for the trial court to convict and sentence the Defendant on both charges involved here—Operating a Vehicle while Intoxicated *and* Operating a Vehicle with .10% or Greater Blood Alcohol Content. This court stated that such was improper and erroneous in *Collins v. State* (1986), Ind.App., 491 N.E.2d 1020. As noted in *Collins,* driving with a blood alcohol content of .10% or more is a lesser included offense of driving while intoxicated, and convictions of both cannot stand. 491 N.E.2d at 1022; *See also, Sering v. State* (1986), Ind.App., 488 N.E.2d 369, 376.

We affirm as to Issue I, and remand with instructions to vacate the conviction and to correct the sentence as to the lesser included offense discussed in Issue II.

MILLER, P.J., and ROBERTSON, J., concur.