Jack E. **LEE**, et al., **Appellants** (Defendants Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 02A03–9009–CR–400.

Court of Appeals of Indiana, Third District.

April 15, 1991.

Rehearing Denied May 30, 1991.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellants.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Following a trial by jury, defendant-appellant Carolynn Ritter was found guilty of two counts of corrupt business influence, a Class C felony, and two counts of promoting prostitution, a Class C felony. Defendants-appellants Jeanette Day, Diana Smith, Shauna Beals, and Lori Neuman were each found guilty of one count of corrupt business influence, a Class C felony. Appellants raise four issues for review:

   (1) whether appellants were entitled to be discharged under Ind.Crim.Rule 4(C);

(2) whether the evidence was sufficient to sustain appellants' convictions;

(3) whether the trial court erred in sending certain exhibits to the deliberating jury without first notifying counsel; and

(4) whether the trial court erred in admitting exhibits through witnesses who had no personal knowledge of them.

The facts favorable to the judgment disclose that in December of 1983, Joe Shipley sold an office building located at 3129 S. Calhoun Street, Fort Wayne, Indiana, to Raynette West.[1] From 1983 to 1985, West operated a massage parlor out of the building known as Lady Scandia or The Wrap Center. In September of 1985, West assigned her interest in the property to Jack Lee who continued to operate a massage parlor known as the Tender Touch a/k/a Indiana School of Massage a/k/a Fort Wayne Massage and Reflexology.

Standard operating procedure at the Tender Touch was for the male customers to enter through the rear door and select one of three types of massages and a woman to administer it. The woman would take the customer's money, either cash or a credit card, then fill out a "ticket" with the type of massage and cost. After removing her percentage, the woman would place the money in the office safe and escort the customer to a room. The customer would then remove all of his clothing, and the woman would perform the massage. For a cash "tip," the woman would also engage in sexual conduct with the customer.

In February of 1987, Yvonne Cecil interviewed with Lee and Carolynn Ritter for a masseuse position at the Tender Touch. She began working at the Tender Touch on February 16, 1987, and became manager in September of 1987. Cecil worked with Diana Smith, Shauna Beals, Jeannette Day, Lori Neuman, and Anne Sotka, all of whom engaged in sexual conduct with their customers for "tips." Carolynn's Collection, a clothing store owned by Ritter, supplied the women with condoms and other protective devices free of charge. Once a week, either Cecil or Ritter would collect the money envelopes from the office safe and take them to Carolynn's Collection where Ritter would count then deposit the money into various business accounts.

■ Appellants first claim they were entitled to be discharged under Crim.R. 4(C) because they were held to answer a criminal charge for more than one year in the aggregate. Crim.R. 4(C) reads in pertinent part as follows:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later[.]"

Appellants were charged and arrested on September 6, 1988; therefore, the State had until September 6, 1989, to bring them to trial.[2] In *Robinson v. State* (1979), 180 Ind.App. 555, 389 N.E.2d 371, this Court held that a defendant is "brought to trial" within the meaning of the speedy trial rule when the jury is selected and sworn. *Id.* at 558, 389 N.E.2d at 374. As the jury in the instant case was selected and sworn on September 6, 1989, appellants were "brought to trial" within the one-year period.

Notwithstanding the above, appellants claim Crim.R. 4(C) requires trials to *conclude* within one year of the date of arrest or charging, whichever is later. However, due to the nature of trials and witness testimony, such a requirement would be

---

**1.** This Court would note that the Statement of Facts in appellants' brief is a summary of each witnesses' testimony rather than a narrative statement. This does not comply with Ind.Appellate Rule 8.3(A)(5). *Miller v. State* (1983), Ind.App., 449 N.E.2d 1119, 1120.

**2.** Under Crim.R. 21, the Indiana rules of appellate procedure apply to all criminal appeals. App.R. 13 provides: "In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." September 6, 1989, is 365 days from September 6, 1988.

highly impracticable and extremely taxing on our already over-burdened trial courts. As previously discussed, appellants were brought to trial within the one-year period; therefore, they were not entitled to be discharged under Crim.R. 4(C).

■ Next, appellants contend the evidence was insufficient to sustain their convictions. They also challenge the trial court's failure to grant their motions for directed verdict at the close of the State's case. When reviewing a claim of insufficient evidence, this Court neither reweighs the evidence nor rejudges the credibility of witnesses; rather, it looks only to the evidence favorable to the judgment and any reasonable inferences therefrom. If there was sufficient evidence of probative value to support a finding of guilt beyond a reasonable doubt, this Court will affirm the conviction. Also, a motion for directed verdict should be granted only in instances where there is a total lack of evidence on some essential element or where there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused. *Canaan v. State* (1989), Ind., 541 N.E.2d 894, 905.

■ Ritter was convicted of two counts of corrupt business influence, a Class C felony, and two counts of promoting prostitution, a Class C felony. IND.CODE § 35–45–6–2 (1988 Ed.) defines the offense of corrupt business as follows:

"A person:

(1) who has knowingly or intentionally received any proceeds directly or indirectly derived from a pattern of racketeering activity, and who uses or invests those proceeds or the proceeds derived from them to acquire an interest in real property or to establish or to operate an enterprise;

(2) who through a pattern of racketeering activity, knowingly or intentionally acquires or maintains, either directly or indirectly, an interest in or control of real property or an enterprise; or

(3) who is employed by or associated with an enterprise, and who knowingly or intentionally conducts or otherwise

participates in the activities of that enterprise through a pattern of racketeering activity;

commits corrupt business influence, a Class C felony."

The offense of promoting prostitution is defined by IND.CODE § 35–45–4–4 (1988 Ed.) in pertinent part as follows:

"A person who:

(1) knowingly or intentionally entices or compels another person to become a prostitute;

(2) knowingly or intentionally procures, or offers or agrees to procure, a person for another person for the purpose of prostitution;

(3) having control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution;

(4) receives money or other property from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or

(5) knowingly or intentionally conducts or directs another person to a place for the purpose of prostitution;

commits promoting prostitution, a Class C felony."

With respect to her corrupt business influence convictions, Ritter argues that the State failed to prove she engaged in a "pattern of racketeering activity." IND. CODE § 35–45–6–1 (1988 Ed.) defines "pattern of racketeering activity" as follows:

" 'Pattern of racketeering activity' means engaging in at least two (2) incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission, or that are otherwise interrelated by distinguishing characteristics that are not isolated incidents."

"Racketeering activity" is defined in pertinent part as follows:

" 'Racketeering activity' means to commit, to attempt to commit, or to conspire to commit a violation, or aiding and abet-

ting in a violation, of ... promoting prostitution (IC 35–45–4–4)[.]"

IND.CODE § 35–45–6–1.

The State's evidence showed that Ritter exercised a high degree of control over the operation of the Tender Touch. She handled the books for the business, collected and distributed the money, and provided condoms and other supplies to employees free of charge. Also, any credit card transactions which took place at the Tender Touch were charged to Ritter's store, Carolynn's Collection. Furthermore, the evidence was overwhelming that everyone connected with the business knew the employees would be engaging in prostitution. On at least one occasion, Ritter herself arranged a sexual encounter between a male friend and two employees of the Tender Touch. The evidence was sufficient to sustain Ritter's convictions for corrupt business influence.

■ As to her promoting prostitution convictions, Ritter maintains the State failed to prove that she allowed Cecil and Sotka to use the Tender Touch for prostitution or that she received money from them knowing it was earned from prostitution. Both Cecil and Sotka testified that they prostituted themselves at the Tender Touch for extra money. As previously discussed, the evidence was overwhelming that Ritter and everyone else connected with the business knew the employees would be engaging in prostitution. Along with exercising a high degree of control over the business, Ritter made a profit from the business; therefore, she promoted prostitution under IND.CODE § 35–45–4–4. The evidence was sufficient to sustain her convictions.

■ Appellants Neuman, Day, Smith, and Beals were each convicted of one count of corrupt business influence, a Class C felony. They allege the evidence was insufficient to sustain their convictions because isolated incidents of prostitution do not support a conviction for corrupt business influence. However, one of the definitions of racketeering activity is aiding and abetting in a violation of IND.CODE § 35–45–4–4, the promoting prostitution statute. Clearly, the well-established sexual activity of appellants during their employment at the Tender Touch aided and abetted Lee and Ritter in their promotion of prostitution. The evidence was sufficient to sustain the convictions; therefore, the trial court did not err in denying the motions for directed verdict.

■ Appellants further argue that the trial court erred in sending certain exhibits to the deliberating jury without first notifying counsel. However, counsel failed to object when the court informed them that it would do so upon request or when, prior to announcement of the verdict, the court advised them that it had, in fact, granted such a request. Counsel also failed to object when the court instructed the jurors that they could view any of the exhibits. In *Critchlow v. State* (1976), 264 Ind. 458, 346 N.E.2d 591, our Supreme Court held that where no objection was made to the action of the trial court in permitting the deliberating jury to receive exhibits, no error was preserved for review on appeal. *Id.* at 470, 346 N.E.2d at 598–599. Accordingly, appellants have waived the issue for appellate review.

■ In an effort to circumvent the waiver finding, appellants argue that the error was fundamental. This Court has described fundamental error as a blatant error creating a substantial potential for harm. *Lowrance v. State* (1991), Ind.App., 565 N.E.2d 375, 377. We have also described fundamental error as gross error which offends our concept of criminal justice and the denial of fundamental due process. *Id.* Neither description is applicable to any error on the part of the instant trial court. Appellants' argument is without merit.

■ Finally, appellants claim the trial court erred in admitting exhibits through witnesses who had no personal knowledge of them. However, appellants do not provide any legal analysis or cogent argument in support of their claim. Their failure to do so constitutes waiver of the issue for appellate review. *Light v. State* (1989), Ind., 547 N.E.2d 1073, 1076, n. 1.

Notwithstanding appellants' waiver of the issue, their claim lacks merit. The complained-of exhibits were items the police seized during the execution of search warrants for the Tender Touch, Carolynn's Collection, and Lee's bail bond office. The witnesses who identified the exhibits were the police officers who had seized them. As appellants note, the trial court admitted the exhibits for the limited purpose of showing that they were found at a certain location rather than as substantive evidence of guilt. The trial court did not err in admitting the exhibits.

The judgment of the trial court is affirmed.

RATLIFF, C.J., and RUCKER, J., concur.