Jack **LEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A04–9003–CR–133.

Court of Appeals of Indiana,
Fourth District.

Nov. 6, 1991.

Rehearing Denied Jan. 8, 1992.

and two counts of Promoting Prostitution (class C felonies). We affirm.

## Issues

Defendant presents two (2) issues for our review, which we restate as follows:

I. Was the evidence sufficient to support the convictions of Defendant?

II. Did the trial court err in admitting evidence seized as a result of search warrants?

## Facts

Defendant owned and operated a massage parlor called Tender Touch. The women giving the massages there also engaged in prostitution. Typically, the men would enter through a back door, determine the type of massage they desired, and then they would select the woman they wanted to administer it. The woman would collect the price of the massage from the customer, complete a "ticket" showing she had received the payment, seal the ticket in a white envelope, and deposit it in an office safe. The customer would then disrobe, and the massage performed. For additional money or "tips," the woman would engage in sexual conduct with the customer.

Yvonne Cecil was the manager of Tender Touch. At trial, she testified about her own acts of prostitution there, as well as the prostitution engaged in by the other women. Cecil also testified that she was responsible for training new employees, and one such time had demonstrated illegal arousal techniques on the Defendant for Jeannette Day. During this training session, both women masturbated the Defendant.

In addition, Ada Phinezy testified that she had committed at least 50 sex acts for money during her three months of employment in 1988. Rebecca Hubbard testified that she had sex with customers "plenty" of times during her seven months at Tender Touch. Ann Sotka testified she made about $300 each week from prostitution at Tender Touch. Melinda Clemens performed about ten sex acts each week during her employment there. Victoria

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-appellee.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Jack Lee, appeals from his convictions on two counts of Corrupt Business Influence (class C felonies),

Holloway also committed numerous acts of prostitution. Further, there was testimony at trial from several customers who detailed the sex acts they received at Tender Touch.

At one point, Defendant warned Cecil that the Ft. Wayne Vice Division was investigating and watching Tender Touch. He told Cecil to take down license plate numbers of cars driven by customers so that he could have them checked. Defendant also provided Cecil with a description of a vice officer, and told her to post it for the women to review. Defendant was also present during a conversation when it was decided to supply condoms and contraceptives to the women free-of-charge.

The condoms and contraceptives were supplied by a clothing store called Carolynn's Collection. This was owned and operated by Carolynn Ritter. Ritter had a baby with Defendant. Once a week, the white envelopes with the massage money would be taken from the office safe to Carolynn's Collection. Ritter would then count the money and deposit it into various business accounts.

### Discussion and Decision

We first note that this appeal involves only the trial of the Defendant. Originally, Defendant was to be tried along with his other co-defendants, Jeanette Day, Diana Smith, Shauna Beals, and Lori Neuman. However, immediately before the trial, Defendant told the court he did not have counsel; thus, the court continued his case, but proceeded with the trial of the co-defendants. The co-defendants were convicted at their trial, and the convictions were affirmed on appeal. *See, Lee, et al. v. State* (1991), Ind.App., 569 N.E.2d 717, *reh. denied.*

### I

Defendant argues the evidence was insufficient to support his convictions. He also argues "the trial court erred by denying [his] Motion for Directed Verdict." We disagree with both of these arguments.

■ We first note that a court reviewing the sufficiency of the evidence will not reweigh the evidence or judge the credibility of witnesses. We consider only the evidence most favorable to the verdict, together with all reasonable inferences to be drawn therefrom, and if there is evidence of probative value to support the verdict, it will not be disturbed. *Peate v. State* (1990), Ind., 554 N.E.2d 825, 827; *McInchak v. State* (1990), Ind.App., 560 N.E.2d 546, 548. In addition, a trial court should grant a motion for directed verdict only where there is a total lack of evidence on some essential element, or where there is no conflict in the evidence and it is susceptible only to an inference favoring the accused. *Canaan v. State* (1989), Ind., 541 N.E.2d 894, 905, *reh. denied.*

■ The evidence at trial clearly indicated that Defendant knew the women were engaging in prostitution at Tender Touch. He was present during a conversation about supplying condoms and contraceptives to the women at work; he was masturbated by one woman and a new employee during a training session; he warned Cecil about the business being investigated and watched by the Vice Division; he instructed Cecil to take down license plate numbers of the cars driven by customers so he could have them checked. In addition, he received income because of the prostitution at Tender Touch. The evidence was clearly sufficient to convict him of Corrupt Business Influence and Promoting Prostitution.

### II

■ Defendant next argues "the [trial] court erred in admitting exhibits through witnesses who had no personal knowledge as to the matters asserted [in them]." We disagree.

We first note that this issue has been waived by Defendant. Defendant has failed to indicate or identify which exhibits he is challenging; he merely provides record cites. We reviewed these record cites, and often found neither exhibits nor objections. We have waived arguments for lack of specificity. *See, Johnson v. State*

(1985), Ind., 472 N.E.2d 892, 904–906, *reh. denied.*

Furthermore, even if the issue had not been waived, we find it to be without merit. The exhibits were items that the police seized pursuant to search warrants. The witnesses who identified the exhibits were the police officers who had seized them. Also, the trial court admitted the exhibits for the limited purpose of showing that they were found at a certain location rather than as substantive evidence of guilt. We addressed this same argument in *Lee, supra,* and rejected it. We also note the well-settled law that trial courts have wide discretion in determining whether evidence should be admitted. *Brewer v. State* (1990), Ind., 562 N.E.2d 22, 25. We find no error here.

Affirmed.

CONOVER and GARRARD, JJ., concur.